JAMES C. FRENCH et al, Appellants, v JOHN GEORGE BAUER et al., Respondents.

Under the Mechanics' Lien Law (Chap 342, Laws of 1885, as amended by Chap 420 Laws of 1887) one who has furnished materials or done work upon a building for a subcontractor for a portion of the work can not acquire a lien therefor against the owner, after the latter has in good faith paid the contractor and the contractor has paid the subcontractor in full for the work done under the subcontract according to its terms, although the owner thereafter becomes indebted to the contractor upon the contract for the whole work to an amount sufficient to satisfy such a demand. The owner cannot, except in cases of fraud or collusion, be compelled to pay any greater sums for the completion of his building than that which by his contract he has agreed to pay, and the same is true of a contractor who has in his turn in good faith paid the sub-contractor the amount due him, after the same has become due and payable.

(Argued June 16, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made June 16, 1890, which affirmed a judgment in favor of defendants, entered upon a verdict of the District Court in the city of New York.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward D. McCarthy* for appellants.

*James R. Angel* for respondents.

HAIGHT, J. This action was brought for the foreclosure of a mechanics' lien.

The defendant Bauer was the owner of premises known as No. 3467 Third avenue in the city of New York, and as such entered into a contract with the defendant Peter Spoonheimer to erect and complete a building thereon, for which he was to pay in six installments. The fifth installment was to become due when the cellar was concreted and the sidewalk and exterior iron and stone work was completed.

Spoonheimer contracted with the firm of Findlay & Bowman to do the iron work and the sidewalk.

The plaintiffs, on or about the thirteenth day of October, 1888, contracted with Findlay & Bowman to furnish certain materials and do certain work as required by their contract. They completed the performance of their contract on or about the twenty-fourth day of October, 1888.

The work called for by the contract, which entitled the contractor to the payment of the fifth installment, was completed on or about the twenty-ninth day of October thereafter, and on that date the architect gave his certificate to that effect to the contractor, and the defendant Bauer thereupon paid to Spoonheimer the fifth installment due, according to its terms.

On November second thereafter, Spoonheimer paid Findlay & Bowman the amount due them as subcontractors by giving a check dated November fifth. which check was on that or the following day paid.

On November third Findlay & Bowman made an assignment for the benefit of creditors, and on the seventh day of November thereafter the plaintiffs demanded payment of their claim from the defendants Bauer and Spoonheimer, which they refused, at the same time notifying them that they had paid Findlay & Bowman in full. On November ninth the plaintiffs filed the lien upon which this action was brought. At that time the last installment under the contract had not become due and payable.

It appears that the fifth installment was due and payable at the time of payment by Bauer to Spoonheimer; that Findlay & Bowman had performed their part of the contract with Spoonheimer, and the amount going to them was due and payable at the time of the payment to them.

The question of the good faith of the payments by Bauer to Spoonheimer, and by Spoonheimer to Findlay & Bowman was submitted to the jury, and was by the verdict determined in favor of the defendants.

The question is thus presented as to whether a lien can be

perfected by a person furnishing material and doing work for a subcontractor as against the owner, after he has in good faith paid the contractor, and the contractor has paid the subcontractor in full for such work and material.

We regard the case of *Lumbard* v *Syracuse, Binghamton & New York Railroad Company* (55 N Y 491) as control ling upon this question.

In that case it was held that one who has furnished materials or done work upon a building under a contract with a subcontractor for a portion of the work, can acquire no lien therefor against the owner after the contractor has paid the subcontractor for the work done under the subcontract according to its terms, although the owner is indebted to the contractor upon the contract for the whole work after the completion of the building, to an amount sufficient to satisfy such a demand. It is true that the court in that case had under consideration chapter 366 of the Laws of 1864, as amended by chapter 788 of the Laws of 1866, known as the Onondaga Lien Law; and that the act under which the plaintiffs seek to establish their lien in this action is chapter 342 of the Laws of 1885, as amended by chapter 420 of the Laws of 1887, and that the two statutes are in many respects different; but as to the question under consideration it appears to us that they are in substance the same, and that the same rule should prevail in reference to the latter that has been declared in reference to the former statute.

Under the former, it was provided that " Any person who shall, in pursuance of any contract, express or implied, either with the owner of the property, or any contractor, perform any labor, or furnish any material, in building, altering, or repairing any house or other building, or appurtenance to any house or other building in the county of Onondaga, to the amount of twenty dollars or over, or any person who has made a contract for the same, shall, until the end of three months after the performance of such labor or furnishing of materials, be deemed to have an equitable lien for the same upon such house or building, or appurtenances, and the

land upon which the same may be situated.    *   *   *   When such labor or material is performed or furnished to the contractor or subcontractor, all payments made by the owner to either in good faith to apply upon his contract shall operate to extinguish the lien aforesaid, unless written notice of the lien is served on the owner of the premises before such payment."

Under the latter, it is provided that "Any person or persons, firm or firms, corporation or association, who shall hereafter perform any labor or service, or furnish any material which have been used, or which are to be used, in erecting, altering or repairing any house    *   *   *   with the consent of the owner, as hereinafter defined, or his agent, or any contractor or subcontractor, or any other person contracting with such owner    *   *   *   may, upon filing the notice of lien prescribed in the fourth section of this act, have a lien for the principal and interest of the price and value of such labor and material, etc.    *   *   *   But in no case shall such owner be liable to pay by reason of all the liens filed pursuant to this act, a greater sum than the price stipulated and agreed to be paid in such contract, and remaining unpaid at the time of the filing of such lien, or in case there is no contract and the amount and value of such labor and material then remaining unpaid, except as hereinafter provided."

The provision "hereinafter provided" is to the effect that if the owner shall, for the purpose of avoiding the provisions of the act, pay by collusion the contractor in advance of the terms of the contract for the purpose of defeating persons who have furnished materials or done work upon the building, he shall, notwithstanding such payment, be liable, etc.

It will be observed upon reading the two acts that, whilst they differ in phraseology, they are the same in substance. The policy, as disclosed in both, is to the effect that, except in cases of fraud and collusion, the owner cannot be compelled to pay any greater sum for the completion of his building than that which by his contract he had agreed to pay, and the same is true of a contractor who has in turn in good faith

paid the subcontractor the amount due him after the same has become due and payable. The effect of the statute is to take from the owner the money owing by him on his contract and to apply it in payment for the labor and materials furnished by others in the performance of the contract, and the same rule should be applied to the case of a contractor who has paid to a subcontractor all that he is entitled to.

The case of *Lumbard* v. *Syracuse, Binghamton & New York Railroad Company* followed the case of *Carman* v. *McIncrow* (13 N. Y. 70), and has been followed by *Crane* v. *Genin* (60 N. Y. 127); *Hagan* v. *American Baptist Home Mission Society* (14 Daly, 131), and *Larkin* v. *McMullin* (120 N. Y. 206).

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____