to pay an increased rental after May 1, 1906, and by the fact that plaintiff's control over the premises as lessee did not extend at that time beyond May 1, 1906. By a written instrument signed February 26, 1906, the defendant closed his negotiations with the owner, agreeing to take the whole premises at $6,000 per year for three years. Although the plaintiff was not a party to this arrangement, both the owner and the defendant recognized his claim to have a further lease, and provided in the writing that he should be released from the obligation to secure the defendant in possession of the store beyond May 1, 1906, as called for by his lease to the defendant. The lease of the whole premises to the defendant was not made, but he took a lease of the same store from the owner at an increased rental for three years from May 1, 1906, and he seeks by his counterclaim to hold the plaintiff responsible for this result.

His claim is that the plaintiff failed to carry out the terms of his lease by securing him in possession at the same rental for the three remaining years of the lease. But the defendant's own act rendered impossible plaintiff's performance. The plaintiff had until May 1, 1906, to supplement his own term by a further term of three years; but two months before this date the defendant interfered, and himself made an agreement with the owner to take the whole house, and on March 28, 1906, actually took a three-year lease of the very store leased to him by the plaintiff. His own act of competition for the lease of the whole building is thus made the occasion of his strange claim against the plaintiff. We think he ought not to recover. There could be no breach on the part of the plaintiff until May 1, 1906, and plaintiff's failure was caused directly by the defendant himself in taking the lease of February 27, 1906. Moreover, there was no proper evidence of rental value by which the damages, if any, could be estimated.

The judgment is reversed, with costs to appellant, and judgment directed for the plaintiff for $90, together with costs and disbursements below. All concur.

---

WRIGHT v. SCHOHARIE VALLEY RY. CO. et al. (No. 11.)

SCHOHARIE VALLEY RY. CO. et al. v. UNION FREE SCHOOL DIST. NO. 1 OF TOWN OF SCHOHARIE et al. (No. 12.)

(Supreme Court, Appellate Division, Third Department. December 7, 1906.)

MECHANICS' LIENS—SUBCONTRACTORS—MATERIALMEN—RIGHT TO LIEN.

    A lien for material furnished a subcontractor can only be enforced to the extent of moneys found to be due him from the contractor.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, § 141.]

    Kellogg, J., dissenting.

Appeal from Special Term, Schoharie County.

Actions by Lawyer J. Wright against the Schoharie Valley Railway Company and others, and by the Schoharie Valley Railway Company and others against the Union Free School District No. 1 of the town of Schoharie and others. Appeal by New England Brick Com-

pany, defendant in above-entitled action No. 11 and one of the plaintiffs in above-entitled action No. 12, which were tried together, from so much of the judgment and decree rendered in the first above-entitled action, entered in the Schoharie county clerk's office November 20, 1905, as holds, decides, and determines that Austin Simkins, one of the defendants in both of the above-entitled actions, is liable in said actions, or either of them, on the notices of liens filed by the parties thereto, for only the sum of $1,094.24, being the amount due from him to Henry B. Sloan as subcontractor at the time of the filing of the notice of said liens, and is not liable to said lienors for so much of the sum of $3,317.40, remaining due him as contractor at the time of the filing of said notice of liens, as is sufficient to pay said liens, and denies the lienors judgment for the amount of their liens, with interest against said Simkins. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, and KELLOGG, JJ.

S. L. & C. B. Mayham, for appellant.
Jackson & Strong, for respondents.

SMITH, J. The appellant's lien is filed for materials furnished a subcontractor. The work was performed in the erection of a high school building in and for Union Free School District No. 1 of the town of Schoharie under a contract made between said school district, as owner, and Austin Simkins, the respondent herein, as contractor. On the trial it appeared that, after the making of the contract between the school district and Simkins, he, by a contract in writing, sublet a portion of the work to one Sloan, who in his contract with Simkins agreed to perform said portion and furnish materials therefor. The appellant here furnished brick to said Sloan, the subcontractor, to be used in the construction of said building. Upon the completion of the work there was owing from the contractor to the subcontractor about $1,000, but there was owing from the owner to the contractor upwards of $3,000. The trial court has held that the liens for material furnished the subcontractor can only be enforced to the extent of the moneys found to be due to him from the contractor. This holding is challenged by this appeal.

In the opinion at Special Term the decision was based mainly upon the case of Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263. The question was not discussed in that case, and it was assumed that the lien could not be enforced beyond the amount due from the contractor to the subcontractor. The rule, however, seems to have been squarely held in the case of Lumbard v. Syracuse, B. & N. Y. R. R. Co., 55 N. Y. 491, and in the case of French v. Bauer, 134 N. Y. 548, 32 N. E. 77, 20 L. R. A. 560. The statutes construed in these cases were substantially similar to the statute construed in the case at bar, and these authorities are, I think, controlling. In the French Case Judge Haight, writing for the court, in part says:

"It will be observed, upon reading the two acts, that, whilst they differ in phraseology, they are the same in substance. The policy, as disclosed in both, is to the effect that, except in cases of fraud and collusion, the owner cannot

be compelled to pay any greater sum for the completion of his building than that which by his contract he had agreed to pay, and the same is true of a contractor who has in turn in good faith paid the subcontractor the amount due him after the same has become due and payable. The effect of the statute is to take from the owner the money owing by him on his contract and to apply it in payment for the labor and materials furnished by others in the performance of the contract, and the same rule should be applied to the case of a contractor who has paid to a subcontractor all that he is entitled to."

The judgment should therefore be affirmed, with costs. All concur, except KELLOGG, J., who dissents.