Louis J. Sigl, Inc., Respondent, v. Simon Wertheimer, Appellant, Impleaded with Others.

Appeal from a judgment in favor of plaintiff and in favor of defendants Standard Plate Glass Company and others, entered in the Erie county clerk's office on May 26, 1927.

Per Curiam. We think the evidence is sufficient to sustain the findings of the referee as to the performance of the contract by the principal contractor and

---

* See Election Law, § 135, as amd. by Laws of 1923, chap. 597.— [Rep.

as to the amount unpaid thereon by the defendant Wertheimer. The complaint in the action was in the ordinary form for foreclosure and sale. It appears by stipulation duly filed in this court that subsequent to the commencement of the action, the defendant Wertheimer procured a discharge of all liens, including the lien of the plaintiff, by filing surety company bonds. Except for such bonding and discharge, it seems to be conceded that the several lienors would now have good and valid liens against the real property in question. On the trial it was stipulated in open court that the several lienors were entitled to liens upon any amount found due in the action from the owner to the principal contractor for the respective amounts claimed in the respective notices of lien in the order of their priority as determined by the court. Under the circumstances the eighth finding of fact should be amended so as to read as follows: " *Eighth.* That the plaintiff and the defendants Tifft Lumber & Mill Co., Inc., Charles Schaffer & Son, and Standard Plate Glass Co., had, at the commencement of this action, and thereafter down to the time of their bonding and discharge, as hereinafter found, a good and valid lien against said premises. That subsequent to the commencement of this action, said liens and each of them were discharged by undertakings in the manner and form prescribed by statute.* That the defendant Walter W. Grupp & Sons, Inc., is indebted to the following parties in the following amounts, with interest thereon from September 13, 1926: Charles Schaffer & Son, Aug. 20, 1926, $561; Tifft Lumber & Mill Co., Inc., Aug. 13, 1926, $1,460.11; Louis J. Sigl, Inc., Aug. 13, 1926, $1,018.21; Standard Plate Glass Co., Oct. 26, 1926, $535." And the third conclusion of law should be amended to read as follows: " *Third.* That there is due and owing from the defendant Walter W. Grupp & Sons, Inc., to the following parties the following amounts, with interest thereon from September 13, 1926: Charles Schaffer & Son, $561; Tifft Lumber & Mill Co., Inc., $1,460.11; Louis J. Sigl, Inc., $1,018.21; Standard Plate Glass Co., $535. That each of said parties, in the order of priority above stated, would, except for the bonding and discharge thereof as hereinabove found, have a good and valid lien for such indebtedness on the real property described in the complaint and undertakings and each now has a good and valid lien for such indebtedness upon the amount hereinabove found to be due and owing from defendant Wertheimer to defendant Walter W. Grupp & Sons, Inc. That the defendant Walter W. Grupp & Sons, Inc., is entitled to the balance, if any, remaining after the payment of the aforesaid liens." The judgment in the form in which it was entered below is without authority. It should be modified to conform with the findings as here amended, and as modified affirmed, without costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ. Judgment modified and as modified affirmed, without costs of this appeal to either party. Certain additional findings of fact made.