## (April 19, 1972)

■ PHILAN DEPARTMENT OF THE BORDEN COMPANY, Respondent, v. FOSTER-LIPKINS CORPORATION, INC., et al., Appellants. Appeal No. 1.— Judgment unanimously reversed on the law and facts, with costs, and complaint dismissed. Memorandum: Defendant Foster-Lipkins Corporation, Inc., was the general construction contractor for the construction of Monroe County Community College for the defendant County of Monroe. Foster-Lipkins entered into a subcontract in the amount of $180,000 with defendant Mohawk-Homar, Inc., for the painting and wallpapering of the college buildings. Defendant Mohawk-Homar, Inc., commenced work on the job in August of 1967 and abandoned the job site in the latter part of February, 1968. A telegram canceling Mohawk-Homar's contract was sent on March 5, 1968 by Foster-Lipkins for default in performance. ¶ Plaintiff Philan filed a lien on April 9, 1968 in the amount of $8,223.18. Plaintiff Moran filed its lien on March 6, 1968 in the amount of $9,619.89. Philan's lien represented an alleged unpaid balance for vinyl wall coverings and adhesives delivered to the account of Mohawk-Homar at the job site. Plaintiff Moran's lien represented the balance allegedly due on paint delivered to the job site for the account of Mohawk-Homar. ¶ With respect to material furnished a subcontractor by materialmen, liens filed

by such materialmen can only be enforced to the extent of money owed by the contractor to the subcontractor (*Wright* v. *Schoharie Val. Ry. Co.*, 116 App. Div. 542, affd. 191 N. Y. 549). ¶ Paragraph 13 of the subcontract provided that the subcontractor was only entitled to progress payments five days after the contractor receives a partial payment from the owner for the work performed by the subcontractor as shown on the owner's estimate approved by the owner's architect. There was no testimony that any such item had been approved by the owner and paid to Foster-Lipkins, so as to create an amount due and owing to Mohawk-Homar. ¶ The burden is upon the plaintiffs to show that a sum existed to which their liens could attach. Paragraph 13 of the subcontract establishes the criteria for determining when progress payments are due and the record does not show any approved application for payments submitted and unpaid. ¶ "As we understand the rule, the *onus* is upon the lienors to show that there is a sum due or to become due on which their liens will attach". (*Brainard* v. *County of Kings*, 155 N. Y. 538, 543–544.) ¶ If nothing is due the subcontractor when the lien is filed and he abandons the job and the contract is completed according to its provisions by others, the lien would then attach to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed. If the cost of completion exceeds the balance due on the contract, there would be no surplus upon which the lien would attach (*Brainard* v. *County of Kings, supra*; *Kelly* v. *Bloomingdale*, 139 N. Y. 343; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Dempsey* v. *Mt. Sinai Hosp.*, 186 App. Div. 334, affd. 227 N. Y. 661). The undisputed testimony established that the general contractor was required to expend over $60,000 above the contract price of Mohawk-Homar to complete the work called for by the painting and wallpapering subcontract. Hence, there was no surplus at the completion of the contract to which the liens could attach. (Appeal from judgment of Monroe Trial Term in action to foreclose mechanic's lien.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.