■ STATEN ISLAND SUPPLY COMPANY, INC., Respondent, v BEVERLY-GLENWOOD RICHMOND CORP. et al., Appellants, and ROSEMARY ONOFRIO, as Limited Administratrix of the Estate of MICHAEL IOSUE, Deceased, Respondent, et al., Defendants. (And a Fourth-Party Action.) — In an action to foreclose a materialman's lien, defendant Beverly-Glenwood Richmond Corp. (Beverly) appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated November 2, 1981, which confirmed the referee's decision, dated July 7, 1981, in favor of plaintiff Staten Island Supply Company and against defen-

dant Beverly in the total amount of $64,112.81. Appeal held in abeyance and matter remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith. Special Term shall file its report with all convenient speed. Upon oral argument, it was conceded by counsel for the parties that there was at issue the sum of $25,000 allegedly paid by defendant Beverly to the plumbing contractor Michael Iosue, which sum Beverly maintains represented moneys on account of the completion of extras, rather than payment to be applied against work on the original contract. Beverly's position on appeal is that the referee overlooked this matter, whereas it is the plaintiff materialman's contention that the referee considered and rejected Beverly's claim. The aforesaid sum of $25,000 represents a major part of the judgment and there is a sharp dispute between the parties as to whether defendant Beverly is entitled to a credit in that amount. However, the referee's decision is bereft of those findings of fact essential to a decision on that issue. Therefore, on the basis of the present record, we are unable to ascertain whether the referee considered this item in making his decision as to the amount of the judgment to be entered against Beverly. More specifically, we are unable to determine, *inter alia,* whether the referee made a finding that the sum of $25,000 was indeed paid by Beverly to Michael Iosue, or, if the referee made a finding that $25,000 was paid by Beverly, whether it represented moneys on account of work performed under the contract, or whether he concluded that it was paid on account of extras. Accordingly, upon remittitur, Special Term should refer this matter to the referee for a factual determination with regard to whether defendant Beverly is entitled to a "set-off" or credit in the sum of $25,000, thereby reducing the principal amount of the judgment against it to that extent. Mollen, P. J., Niehoff, Rubin and Boyers, JJ., concur.