STATEN ISLAND SUPPLY COMPANY, INC., Respondent, v BEVERLY-GLEN-WOOD RICHMOND CORP. et al., Appellants, and ROSEMARY ONOFRIO, as Limited Administratrix of the Estate of MICHAEL IOSUE, Deceased, Respondent, et al., Defendants. (And a Fourth-Party Title.) — In an action to foreclose a material-man's lien, the appeal is from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated November 2, 1981, which confirmed the referee's decision of July 7, 1981, in favor of the plaintiff Staten Island Supply Company and against defendant Beverly-Glenwood Richmond Corp. (hereinafter Beverly) in the total amount of $64,112.81. By order of this court dated September 13, 1982, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Richmond County, with the direction that upon remittitur "Special Term should refer this matter to the referee for a factual determination with regard to whether defendant Beverly is entitled to a 'set-off' or credit in the sum of $25,000, thereby reducing the principal amount of the judgment against it to that extent" (*Staten Is. Supply Co. v Beverly-Glenwood Richmond Corp.*, 89 AD2d 981, 982). The referee's report on remittitur, dated November 15, 1982, states that Beverly is not entitled to the $25,000 setoff. Judgment affirmed, with costs. The general construction contractor of Village Green, a residential community located on Staten Island, was a joint venture comprised of defendant Beverly and another corporation. Defendant Rosemary Onofrio is the representative of the estate of Michael Iosue (hereinafter Iosue), the subcontractor employed under two separate contracts to install the plumbing in those sections of Village Green designated as Loop A and Loop B. Plaintiff Staten Island Supply Co. (hereinafter SISCO) allegedly delivered materials to Iosue for use at the Village Green project, and for which it was never compensated. Its lien in the amount of $43,148.88 was timely filed on December 28, 1972. It seeks recovery of that amount from Beverly. It is the contention of Iosue's estate that Beverly neglected to remit proper compensation for the completion of noncontractual extras and that Beverly is indebted to it in the amount of $61,703.32. Beverly replaced Iosue prior to the completion of the job at the cost of $151,753 and it asserts that Iosue's breach of contract damaged it in the amount of $91,668. Beverly further claims that it made a

$25,000 payment to Iosue for noncontractual extras, and is entitled to a setoff in that amount, against any funds owed Iosue. The referee concluded that Iosue did not breach the contract and that Beverly was indebted to Iosue in the amount of $41,483.32 for the unpaid extras. Further, the referee determined that SISCO's lien was valid, and that it could attach to the full amount awarded Iosue. However, the referee's initial decision did not address the validity of Beverly's claim for a $25,000 setoff against any amount owed Iosue. Accordingly, this court remitted the matter to enable the referee to make a determination on the issue of the setoff (*Staten Is. Supply Co. v Beverly-Glenwood Richmond Corp., supra*). After conducting a hearing, the referee concluded that Beverly was not entitled to the requested setoff, since it failed to establish that the $25,000 payment was for noncontractual extras, and not for items covered under the original contract. In regard to SISCO's claim for extras, the law is well settled. It was succinctly stated in *Philan Dept. of Borden Co. v Foster-Lipkins Corp.* (39 AD2d 633, 633-634, affd 33 NY2d 709), where the court held: "With respect to material furnished a subcontractor by materialmen, liens filed by such materialmen can only be enforced to the extent of money owed by the contractor to the subcontractor (*Wright* v. *Schoharie Val. Ry. Co.,* 116 App. Div. 542, affd. 191 N. Y. 549)". Consequently, unless Beverly is indebted to Iosue, there is no fund upon which SISCO's lien may attach. The referee was correct in concluding that Iosue did not breach the contract. The record revealed that Beverly's actions were partially responsible for any delay in completing the contract. In such a situation, Beverly may not be permitted to assert to its advantage Iosue's failure to perform within the time originally allotted (see *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203; cf. *Farrell Heating, Plumbing, Air Conditioning Contrs. v Facilities Dev. & Improvement Corp.,* 68 AD2d 958). Furthermore, Beverly failed to establish by a preponderance of the evidence that Iosue breached the contract by abandoning performance thereunder. In conformity with the plumbing subcontract covering Loop B Iosue was notified by letter that unless he produced extra men to aid in completion of the contract within 24 hours, the contract would be terminated and Iosue would be replaced. Thereafter, Iosue forwarded a written response indicating that he had supplied additional men and intended to abide by the terms of the contract. In that reply, Iosue noted his objection to Beverly's practice of removing the men supplied by him from their work on items covered by the contract. Beverly never established that Iosue failed to supply the required extra workmen. "Where * * * the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor in its nature, surprising or suspicious, there is no reason for denying to it conclusiveness" (*Hull v Littauer,* 162 NY 569, 572; see *Woodson v New York City Housing Auth.,* 10 NY2d 30, 32). We pause to note that the referee erred in relying on the testimony of Sylvester Vascellaro to establish that Beverly waived any claim of breach by abandonment. Vascellaro's testimony did not establish that Iosue continued to perform pursuant to the Loop B contract, following the afore-mentioned letter of proposed termination. Beverly's assertion that SISCO failed to prove a prima facie case is meritless. There is no reason to disturb the referee's determination that Beverly is indebted to Iosue in the amount of $41,483.32. Moreover, Beverly is not entitled to the requested setoff of $25,000, since it failed to sustain its burden of proving that the payment was for noncontractual extras (see *Moncel Realty Corp. v Whitestone Farms,* 188 Misc 431, affd 272 App Div 899). Inasmuch as Iosue did not breach the contract, Beverly may not set off its alleged damages against the amount owed Iosue. Thus, there is a fund upon which SISCO's lien may attach (*Philan Dept. of Borden Co. v Foster-Lipkins Corp.,* 39 AD2d 633, affd 33 NY2d

709, *supra*). Moreover, SISCO proffered sufficient proof to establish delivery of the materials (Jensen, Mechanics' Lien Law [4th ed], §§ 382, 427). We have considered the other contentions and find them to be without merit. Mollen, P. J., Niehoff, Rubin and Boyers, JJ., concur.