■ C.S. BEHLER, INC., Appellant, v DALY & ZILCH, INC., Defendant, and WALTER & SCI CONSTRUCTION (USA), INC., et al., Respondents. [716 NYS2d 506] —Order insofar as appealed from unanimously reversed on the law without costs, cross motion denied, complaint reinstated, motion granted in part and judgment ordered in accordance with the following Memorandum: Plaintiff commenced this action seeking to recoup $28,399.05 on the bond that discharged its mechanic's lien. Defendant Walter & SCI Construction (USA), Inc. (Walter & SCI), the general contractor on a public improvement project, subcontracted with defendant Daly & Zilch, Inc. (Daly) for insulation and masonry work, and Daly hired plaintiff to supply certain materials. Plaintiff thereafter informed Walter & SCI that it had not received payment from Daly and, in March 1997, filed a mechanic's lien in the amount of $28,399.05. When the lien was filed, Walter & SCI had paid only $836,571 of the $896,265 owing to Daly. Prior to March 1997, the remaining balance on

the Walter & SCI/Daly subcontract had become due for union benefits that had accrued, and some payments were made to the unions after March 1997. The mechanic's lien was discharged by order entered April 10, 1997 upon the filing of a $33,000 bond, with Walter & SCI as principal and defendant Liberty Mutual Insurance Company (Liberty Mutual) as surety. Plaintiff commenced this action alleging, *inter alia,* that it is entitled to recoup the $28,399.05 based on the mechanic's lien and subsequent bond discharging the lien (first cause of action). Plaintiff moved for summary judgment, and all defendants but Daly cross-moved for partial summary judgment dismissing the first and second and part of the third causes of action. Supreme Court denied the motion and granted the cross motion.

We note that the court properly denied plaintiff's motion with respect to Daly because Daly had not yet served an answer and thus issue had not been joined (*see,* CPLR 3212 [a]). The court erred, however, in denying that part of plaintiff's motion seeking summary judgment on the first cause of action with respect to the remaining defendants. A plaintiff may recover on a bond if it demonstrates that it had a valid mechanic's lien (*see,* *Worlock Paving Corp. v Camperlino*, 222 AD2d 1097, 1098). "With respect to material furnished a subcontractor by materialmen, liens filed by such materialmen can only be enforced to the extent of money owed by the contractor to the subcontractor" (*Philan Dept. v Foster-Lipkins Corp.*, 39 AD2d 633, 633-634, *affd* 33 NY2d 709, citing *Wright v Schoharie Val. Ry. Co.*, 116 App Div 542, *affd* 191 NY 549). Here, as of March 7, 1997, Walter & SCI owed Daly more than the amount sought by plaintiff. The only lien filed was plaintiff's; no liens were filed by the unions. Thus, plaintiff's lien should have been satisfied prior to the payment of the debt owed to the unions (*see,* *Tisdale Lbr. Co. v Read Realty Co.*, 154 App Div 270, 271-272; *see generally,* Lien Law § 5).

We therefore reverse the order insofar as appealed from, deny the cross motion for partial summary judgment, reinstate the complaint, grant plaintiff's motion against all defendants but Daly insofar as it seeks judgment on the bond that discharged the mechanic's lien, and order that judgment be entered in plaintiff's favor in the amount of $28,399.05 together with interest awarded from the date of the commencement of the action (*see,* CPLR 5001 [a]). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.