M.A.R.S. HOMES INCORPORATED, Respondent, v FRANK A. CHIODO, Appellant, et al., Defendants. [716 NYS2d 206] —Order unanimously reversed on the law with costs and motion

denied. Memorandum: In this action to foreclose on a mechanic's lien, Supreme Court erred in granting plaintiff's motion for summary judgment against Frank A. Chiodo (defendant) for the amount stated in the notice of lien. Plaintiff filed a mechanic's lien in the amount of $11,426 against defendant's property. The lien arose from the construction of a foundation for a new home to be built on defendant's property. The record establishes that plaintiff had issued defendant two credits, one for $11,000 and the other for $5,400, toward "construction of a house." Plaintiff applied the $5,400 credit toward construction of the foundation, but asserted that the $11,000 credit was to be applied to construction of the rest of the house. Plaintiff concedes that each credit on its face is unrestricted. It is well established that the burden is on the lienor to show that there is a sum due to which its lien could attach (*see, Philan Dept. v Foster-Lipkins Corp.,* 39 AD2d 633, 634, *affd* 33 NY2d 709; *Brainard v County of Kings,* 155 NY 538, 543-544). On this record, there is a triable issue of fact whether the $11,000 credit should be applied to the construction of the foundation, thus defeating plaintiff's right to recover the amount stated in the mechanic's lien (*see, Bevy Contr. v Sinrod,* 188 AD2d 576, 577). Therefore, plaintiff failed to establish its entitlement to summary judgment. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.