■ LHV PRECAST, INC., et al., Plaintiffs, v WOODSTOCK LAWN & HOME MAINTENANCE et al., Defendants, and S & R COMPANY OF KINGSTON, Appellant, and JOSEPH HOMMEL, JR., Respondent. [744 NYS2d 915] —Lahtinen, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 19, 2001 in Ulster County, which granted defendant Joseph Hommel, Jr.'s motion for summary judgment on his cross claim against defendant S & R Company of Kingston.

Defendant S & R Company of Kingston (hereinafter S & R) contracted with defendant Woodstock Lawn & Home Maintenance (hereinafter Woodstock) to act as general contractor in the construction of a Wal-Mart on property owned by S & R. Woodstock then contracted with plaintiffs and other suppliers of material and services, including defendant Joseph Hommel, Jr., who agreed to provide "trucking service[s]" for the hauling and dumping of materials to and from the property. When Woodstock failed to pay these suppliers, they filed mechanics' liens against S & R's real property.

In February 1999, plaintiffs commenced this action to foreclose on their mechanics' liens. Hommel appeared in the action as a defendant and, inter alia, cross-claimed against S & R seeking foreclosure on his mechanic's lien. Thereafter, Hommel successfully moved for summary judgment on his cross claim against S & R, prompting S & R's appeal.

It is axiomatic that as the proponent of a motion for summary judgment, Hommel had the burden of putting forth evidentiary proof establishing the existence of a valid lien upon which he was entitled to recover (*see*, Lien Law § 4 [1]; §§ 9, 10; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Strober Bros. v Kitano Arms Corp.*, 224 AD2d 351, 353; *DiVeronica Bros. v Basset*, 213 AD2d 936, 937-938). This includes a showing that there were funds due and owing from S & R to Woodstock upon which Hommel's lien could attach (*see*, Lien Law

§ 4 [1]; *M.A.R.S. Homes v Chiodo*, 277 AD2d 1056, 1057; *DiVeronica Bros. v Basset, supra* at 937; *Philan Dept. of Borden Co. v Foster-Lipkins Corp.*, 39 AD2d 633, 634, *affd* 33 NY2d 709). Here, Hommel has made no such evidentiary showing and, consequently, has failed to establish his entitlement to judgment as a matter of law in the first instance (*see, M.A.R.S. Homes v Chiodo, supra* at 1056), requiring denial of his motion.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.