■ L & W SUPPLY CORPORATION, Doing Business as CAPITAL GYPSUM, Appellant, v A.D.F. DRYWALL, INC., et al., Respondents, et al., Defendants. [865 NYS2d 159]—

Rose, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered June 13, 2007 in Saratoga County, which, upon reargument, denied plaintiff's motion for partial summary judgment.

Plaintiff furnished building materials that were used by defendant A.D.F. Drywall, Inc. (hereinafter ADF), a subcontractor hired by the general contractor, defendant Zandri Construction Corporation, for its work on a public works construction project. Defendant Federal Insurance Company, acting as surety for Zandri, issued a labor and material payment bond on the project. ADF left the job in July 2004 without completing its subcontract and failed to pay plaintiff for some of the materials plaintiff had supplied. In October 2004, plaintiff filed a mechanic's lien for the cost of those materials. After the lien was discharged by a bond filed by Federal, again as surety for Zandri, plaintiff commenced this action to recover the amount owed, and the parties moved and cross-moved for summary judgment. To the extent relevant on this appeal, Supreme Court found questions of fact and denied plaintiff's motion for summary judgment on the second cause of action to recover against

the lien discharge bond, the fourth and fifth causes of action to recover on a personal payment guarantee executed by defendant Jean Lavigne, one of ADF's officers, and the ninth cause of action to recover against the materials payment bond.

As the proponent of the motion for summary judgment on its second cause of action based upon the mechanic's lien, plaintiff had the burden of presenting evidentiary facts showing the existence of a valid lien and that there were funds due and owing from Zandri to ADF to which the lien could attach (*see* Lien Law § 4 [1]; *LHV Precast v Woodstock Lawn & Home Maintenance*, 296 AD2d 736, 736-737 [2002]; *DiVeronica Bros. v Basset*, 213 AD2d 936, 937 [1995]). In the event that there were insufficient funds available at the time the lien was filed, plaintiff would be limited to any surplus left after deducting the cost to complete ADF's work (*see Philan Dept. of Borden Co. v Foster-Lipkins Corp.*, 39 AD2d 633, 634 [1972], *affd* 33 NY2d 709 [1973]).

As plaintiff points out, the record contains an affidavit of Jeffrey Lino, the vice-president of Zandri, indicating that ADF was owed $41,335.16 when the lien was filed. However, in its opposition to plaintiff's motion, Federal cited other evidence that Lino had merely stated the amount remaining to be earned by ADF on the subcontract. Federal also alleged that when ADF walked off the job, there was $16,703.16 of its work still incomplete, the project architect had asked for $39,750 in offsets and the project owner held retainage attributable to ADF's work in the amount of $24,632. Inasmuch as these offsets were alleged to have been asserted before plaintiff filed its lien, we agree with Supreme Court that there is a question of fact as to the amount, if any, due at the time the lien was filed.

We also agree that Supreme Court properly denied plaintiff's motion for summary judgment as to the fourth and fifth causes of action, which are based upon a personal guarantee executed by Lavigne in 1995. In response to plaintiff's claim that the guarantee applied to all of its sales to ADF, Lavigne averred that it did not cover materials provided on Zandri's project because two of plaintiff's employees had agreed to and did set up a separate billing account for those materials covered by Zandri's payment bond, rather than the guarantee. Although plaintiff then argued that oral modification of the guarantee was precluded by the statute of frauds (*see* General Obligations Law § 15-301 [2]), we are persuaded that Lavigne has raised a triable issue of fact by invoking the partial performance exception to the statute of frauds (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344 [1977]; *Maynard Ct. Owners Corp. v Rentou-*

*lis*, 235 AD2d 867, 868 [1997]). He has pointed out that plaintiff's invoices on the Zandri project bear a different account number, and he avers that this was done for the purpose of exempting those purchases from the guarantee. While plaintiff now argues that there could be other reasons for establishing a separate account number, the record is devoid of any evidence identifying those reasons. Accordingly, Lavigne's affidavit is at least sufficient to raise a question of fact as to whether the separate account is unequivocally referable to the claimed modification of the guarantee (*see Gross v Vogel*, 81 AD2d 576, 577 [1981]; *see also Mora v RGB, Inc.*, 17 AD3d 849, 852-853 [2005]; *Fairchild Warehouse Assoc. v United Bank of Kuwait*, 285 AD2d 444, 445 [2001]).

As for the ninth cause of action, we agree with plaintiff that its final invoice to ADF, which lists Zandri's project and is dated July 1, 2004, made a prima facie showing that materials were last supplied to ADF for Zandri's project less than 120 days before it gave written notice of its claim against the payment bond, as required to satisfy State Finance Law § 137 (*see Specialty Prods. & Insulation Co. v St. Paul Fire & Mar. Ins. Co.*, 99 NY2d 459, 466 [2003]). Federal asserted, however, that the last invoice specifying that materials were actually delivered to ADF at Zandri's project site is dated April 30, 2004, more than 120 days before notice was given. Federal further points out that the subsequent invoices covered materials that were picked up by ADF at plaintiff's facility, rather than delivered by plaintiff directly to Zandri's project, and so only ADF knows whether those materials were actually used for that project or some other purpose. Given that Federal asks for an opportunity to conduct discovery in order to oppose plaintiff's motion (*see* CPLR 3212 [f]), and also that facts necessary to oppose as to this issue are exclusively within the knowledge of ADF, a party who is adverse to Federal, Supreme Court should have held plaintiff's summary judgment motion as to the ninth cause of action in abeyance pending such disclosure (*see Cassevah v Mack*, 51 AD3d 1132, 1133 [2008]; *Pank v Village of Canajoharie*, 275 AD2d 508, 510 [2000]; *Alston v Golub Corp.*, 129 AD2d 916, 918 [1987]).

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment as to the ninth cause of action; motion stayed as to said cause of action pending the expeditious completion of discovery by defendant Federal Insurance Company; and, as so modified, affirmed.