■ CHUCK TOMASELLI, Doing Business as C. LEWIS TOMASELLI ARCHITECTS, Respondent, v ONEIDA COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants, et al., Defendants. [908 NYS2d 477]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 9, 2009. The order, inter alia, granted the motion of plaintiff for summary judgment against defendants Oneida County Industrial Development Agency and Griffiss Local Development Corporation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the answer of defendants Oneida County Industrial Development Agency and Griffiss Local Development Corporation and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a money judgment arising from a mechanic's lien filed by him based on money allegedly owed to him in connection with services he performed on property owned by Oneida County Industrial Development Agency and Griffiss Local Development Corporation (collectively, defendant owners). Supreme Court granted plaintiff's motion seeking summary judgment dismissing the answer of defendant owners and summary judgment granting the relief sought in the complaint against defendant owners. In addition, the court denied the cross motion of defendant owners for summary judgment dismissing the complaint against them. We agree with defendant owners that the court erred in granting the motion, and we therefore modify the order accordingly.

"As the proponent of the motion for summary judgment . . . based upon the mechanic's lien, plaintiff had the burden of presenting evidentiary facts showing the existence of a valid lien and that there were funds due and owing from [defendant owners] to [plaintiff] to which the lien could attach" (*L & W Supply Corp. v A.D.F. Drywall, Inc.*, 55 AD3d 1026, 1027 [2008]; *see* Lien Law § 4 [1]). With respect to the mechanic's lien at issue in this action, plaintiff was required to establish that he provided architectural and engineering services "for the improvement of real property with the consent or at the request of the owner[s] thereof, or of [their] agent" (Lien Law § 3; *see* Lien Law § 2 [4]). The term "consent" within the meaning of Lien Law § 3 " 'is not mere acquiescence and benefit, but [it is] some affirmative act or course of conduct establishing confirmation . . . Such consent may be inferred from the . . . conduct of

the owner[s]' " (*J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc.*, 64 AD3d 1206, 1208 [2009]; *see Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706 [2006]; *GCDM Ironworks v GJF Constr. Corp.*, 292 AD2d 495, 496 [2002]). Therefore, " 'the owner[s] must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that [they] will reap the benefit of it' " (*Elliott-Williams*, 28 AD3d at 707, quoting *Rice v Culver*, 172 NY 60, 65-66 [1902]; *see Paul Mock, Inc. v 118 E. 25th St. Realty Co.*, 87 AD2d 756 [1982]). On the record before us, we conclude that there are triable issues of fact whether defendant owners or other defendants owed any money to plaintiff and, if so, the amount of any such money at the time plaintiff filed his mechanic's lien against the property, thus requiring denial of both the motion by plaintiff and the cross motion by defendant owners (*see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 65 AD3d 533, 535 [2009]; *see generally Zuckerman v City of New* York, 49 NY2d 557, 562 [1980]). Indeed, defendant owners failed to submit evidence in support of their cross motion establishing as a matter of law that they or their agents did not consent to the work performed to improve the property that was subject to the mechanic's lien. Present—Smith, J.P., Fahey, Sconiers, Pine and Gorski, JJ.