In an action to foreclose a mechanic’s lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 2, 2012, as denied that branch of its cross motion which was for summary judgment on the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant Serge Dorime moved for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint. In an order dated May 2, 2012, the Supreme Court denied Dorime’s motion. It also denied that branch of the plaintiffs cross motion which was for summary judgment on the complaint on the ground that a triable issue of fact existed as to whether payment in full was made by Dorime, as the owner of the subject property, to the general contractor at the time the notice of the mechanic’s lien was filed. The plaintiff appeals from so much of the order as denied that branch of its cross motion which was for summary judgment on the complaint. We affirm the order insofar as appealed from, albeit on a ground different from that relied on by the Supreme Court.
As the proponent of a motion for summary judgment on a cause of action based upon a mechanic’s lien, the plaintiff had the burden of presenting “evidentiary facts showing the existence of a valid lien and that there were funds due and owing ... to which the lien could attach” (L & W Supply Corp. v A.D.F. Drywall, Inc., 55 AD3d 1026, 1027 [2008]; see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co., 95 AD3d 616, 617 [2012]; Tomaselli v Oneida County Indus. Dev. Agency, 77 AD3d 1315, 1316 [2010]).
*871 Here, the plaintiff failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law. It failed to establish the value or the agreed-upon price of the labor it contended that it was owed, as set forth in its mechanic’s lien (see Lien Law §§ 3, 4), and, thus, failed to demonstrate the existence of a valid lien.
Given the plaintiffs failure to met its burden, we need not address the sufficiency of Dorime’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court properly denied that branch of the plaintiffs cross motion which was for summary judgment on the complaint. Balkin, J.B, Lott, Austin and Miller, JJ., concur.