# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1361**

**CA 13-00793**

PRESENT: FAHEY, J.P., LINDLEY, SCONIERS, AND WHALEN, JJ.

---

WM. B. MORSE LUMBER CO., PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

NORTH PONDS APARTMENTS, LLC, ET AL., DEFENDANTS,
AND NEW YORK INCOME PARTNERS, LLC,
DEFENDANT-APPELLANT.

---

LAW OFFICE OF BRUCE S. ZEFTEL, BUFFALO (BRUCE S. ZEFTEL OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered December 28, 2012. The order granted the motion of plaintiff for partial summary judgment seeking a determination that its mechanic's lien is valid and has priority over the construction mortgage held by defendant New York Income Partners, LLC.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion except to the extent that it seeks a determination that the mechanic's lien has priority over the construction mortgage held by defendant New York Income Partners, LLC and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to foreclose on its mechanic's lien when it did not receive payment for lumber and building materials that it supplied to the general contractor for property owned by defendant North Ponds Apartments, LLC (NPA). Defendant New York Income Partners, LLC (NYIP) holds the mortgage on the property (hereafter, construction mortgage). Plaintiff moved for partial summary judgment, as later limited by a stipulation between the parties, seeking a determination that its mechanic's lien is valid and has priority over NYIP's construction mortgage. NYIP cross-moved for, inter alia, summary judgment determining that its construction mortgage has priority over plaintiff's mechanic's lien. In granting plaintiff's motion, Supreme Court determined that plaintiff's mechanic's lien was valid and had priority over the construction mortgage because the building loan contract filed in connection with the construction mortgage did not contain the requisite borrower's statement pursuant to Lien Law § 22. We conclude that NYIP's construction mortgage is subordinate to plaintiff's mechanic's lien, but only in the event that there are

funds to which the lien could attach, which is an issue yet to be decided.  We therefore modify the order accordingly.

"A building loan contract . . . must be in writing and duly acknowledged, and *must contain* a true statement under oath, verified by the borrower, showing the consideration paid, or to be paid, for the loan described therein, and showing all other expenses, if any, incurred, or to be incurred in connection therewith, and the net sum available to the borrower for the improvement" (Lien Law § 22 [emphasis added]).  Here, the building loan contract filed by NYIP's predecessor in interest did not "contain" the statement verified by the borrower, as required by Lien Law § 22.  Rather, the statement was filed separately, albeit minutes later, under the same cover sheet as the UCC-1 financing statement.

Lien Law § 22 " 'absolutely and unconditionally prescribes the penalty which shall follow the failure to file' " a building loan contract that complies with the statute (*P. T. McDermott, Inc. v Lawyers' Mtge. Co.*, 232 NY 336, 348), i.e., "the interest of each party to such contract in the real property affected thereby[] is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter" (§ 22), including subsequent mechanic's liens.  As the Court of Appeals noted in *Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC* (21 NY3d 352, 364-365, *rearg denied* 21 NY3d 1047), "the reason for public filing is to allow any interested contractors, subcontractors and material suppliers to discover the level of financing available for construction so that they might guide their actions accordingly" (*see Nanuet Natl. Bank v Eckerson Terrace*, 47 NY2d 243, 247).

We agree with NYIP, however, that plaintiff failed to establish as a matter of law "that there were funds due and owing from [NPA, the owner,] to [the general contractor] to which [its mechanic's] lien could attach" (*L & W Supply Corp. v A.D.F. Drywall, Inc.*, 55 AD3d 1026, 1027; *see Tomaselli v Oneida County Indus. Dev. Agency*, 77 AD3d 1315, 1316), and thus plaintiff was not entitled to partial summary judgment in that respect.  Contrary to NYIP's contention, however, it has not established as a matter of law that the NPA had paid the general contractor in full at the time plaintiff filed the lien (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court