LPCiminelli, Inc. v JPW Structural Contr., Inc. (2023 NY Slip Op 03118)

LPCiminelli, Inc. v JPW Structural Contr., Inc.

2023 NY Slip Op 03118

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

310 CA 22-00218

[*1]LPCIMINELLI, INC., PLAINTIFF,
v
JPW STRUCTURAL CONTRACTING, INC., ET AL., DEFENDANTS. (ACTION NO. 1.)
JPW STRUCTURAL CONTRACTING, INC., PLAINTIFF-RESPONDENT,
v
LPCIMINELLI, INC., FEDERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, DEFENDANTS-APPELLANTS. (ACTION NO. 2.) 

ZDARSKY SAWICKI & AGOSTINELLI LLP, BUFFALO (GUY J. AGOSTINELLI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 20, 2021. The order granted the motion of plaintiff JPW Structural Contracting, Inc. for partial summary judgment in action No. 2. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: LPCiminelli, Inc. (LPC), plaintiff in action No. 1 and a defendant in action No. 2, subcontracted construction work to JPW Structural Contracting, Inc. (JPW), a defendant in action No. 1 and plaintiff in action No. 2. Following a dispute over payment, JPW filed a mechanic's lien against LPC, which LPC discharged with a bond issued by its sureties, Federal Insurance Company, Liberty Mutual Insurance Company, and Travelers Casualty and Surety Company of America, who are defendants in action No. 2. LPC thereafter commenced action No. 1 against JPW, among others, seeking as relevant here a determination with respect to the amount it owed, if any, to JPW on the subcontract, including disputed change orders, and further alleging that JPW was liable to LPC for increased costs charged by other subcontractors arising from JPW's failure to perform its work in the time specified in its subcontract. JPW answered the complaint and asserted counterclaims; it then commenced action No. 2 against LPC and its sureties seeking, inter alia, to foreclose on the mechanic's lien. LPC and its sureties filed an answer and asserted as a counterclaim that the mechanic's lien was void under the Lien Law because JPW willfully exaggerated the amount owed to it. The two actions were consolidated.
JPW moved for partial summary judgment "as to liability" on its mechanic's lien foreclosure cause of action, arguing that it "met the lawful requirements to properly file, serve, and foreclose on its mechanic's lien" and was therefore "entitled to the enforcement of its lien." LPC and its sureties did not dispute that JPW satisfied the procedural steps for filing a claim to [*2]foreclose a mechanic's lien but argued that there were triable issues of fact concerning what amount, if any, was owed by LPC to JPW. Supreme Court granted the motion, and we now reverse.
A plaintiff is not entitled to summary judgment on its lien foreclosure claim where, as here, there are questions of fact " 'whether plaintiff breached the [sub]contract, and the extent of unpaid work performed by plaintiff' " (Proline Concrete of WNY, Inc. v G.M. Crisalli & Assoc., Inc., 177 AD3d 1368, 1370 [4th Dept 2019]). JPW failed to meet its initial burden on the motion of establishing as a matter of law that LPC owed any money to it and thus failed to establish that the mechanic's lien, even though properly filed, was valid and enforceable (see W(M) B. Morse Lbr. Co. v North Ponds Apts., LLC, 114 AD3d 1215, 1217 [4th Dept 2014]; Tomaselli v Oneida County Indus. Dev. Agency, 77 AD3d 1315, 1316-1317 [4th Dept 2010]; Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club, 156 AD2d 550, 552 [2d Dept 1989]; see also Terra Nova Constr., Inc. v Philadelphia Indem. Ins. Co., 68 Misc 3d 1224[A], 2020 NY Slip Op 51062[U], *1 [Sup Ct, NY County 2020]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court