NGU, Inc. v City of New York (2020 NY Slip Op 07204)





NGU, Inc. v City of New York


2020 NY Slip Op 07204


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-00057
 (Index No. 150891/13)

[*1]NGU, Inc., etc., et al., respondents,
v
City of New York, et al., defendants, Masterpiece U.S., Inc., et al., appellants.


Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Manny A. Frade and Adam P. Wald of counsel), for appellants.
Zetlin & De Chiara, LLP, New York, NY (James H. Rowland of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to foreclose mechanic's liens, the defendants Masterpiece U.S., Inc., and Hudson Insurance Company appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated September 6, 2018. The order, insofar as appealed from, denied those branches of the motion of the defendants Masterpiece U.S., Inc., and Hudson Insurance Company which were for summary judgment dismissing the first, seventh, eighth, and fourteenth causes of action insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant New York City Housing Authority (hereinafter NYCHA), as owner, entered into a written agreement (hereinafter the agreement) with the defendant Masterpiece U.S., Inc. (hereinafter Masterpiece), as general contractor, for a window replacement project for a building located at 70 New Lane, Staten Island. Masterpiece entered into a subcontract with the plaintiff Citiquiet (hereinafter Citi), as subcontractor, to remove the existing windows and install the new windows, and a subcontract with Industrial Window Corp. (hereinafter Industrial), as subcontractor, to supply the new windows for the project. On or about March 14, 2012, Industrial sub-subcontracted with the plaintiff NGU, Inc. (hereinafter NGU), as sub-subcontractor or materialman, to manufacture the new windows for the project.
On or about March 29, 2013, after certain production and work issues arose among the parties, Masterpiece entered into an agreement (hereinafter the cure agreement) with Citi and NGU, among others, in an attempt to resolve those issues. On or about May 23, 2013, NGU filed two mechanic's liens against Industrial and Masterpiece in the amounts of $55,000 and $96,448.30, respectively, for its manufacture of new windows and associated labor costs. On the same date, Citi filed a mechanic's lien against Masterpiece in the amount of $80,100 for its work on the project. On or about May 29, 2013, the defendant Hudson Insurance Company (hereinafter Hudson), as surety for Masterpiece, issued bonds discharging NGU's $55,000 mechanic's lien, NGU's $96,448.30 mechanic's lien, and Citi's $80,100 mechanic's lien. Subsequently, on or about June 4, 2013, Masterpiece terminated Industrial and Citi from the project.
Thereafter, on December 6, 2013, the plaintiffs commenced this action, inter alia, to foreclose on the mechanic's liens against Masterpiece and Hudson, among others. Masterpiece and Hudson moved, inter alia, for summary judgment dismissing the first, seventh, eighth, and fourteenth causes of action, to foreclose on the plaintiffs' mechanic's liens, insofar as asserted against them.
In an order dated September 6, 2018, the Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the first, seventh, eighth, and fourteenth causes of action insofar as asserted against Masterpiece and Hudson. Masterpiece and Hudson appeal.
We agree with the Supreme Court's determination denying those branches of Masterpiece and Hudson's motion which were for summary judgment dismissing the first, seventh, eighth, and fourteenth causes of action insofar as asserted against them, as Masterpiece and Hudson failed to establish their prima facie entitlement to judgment as a matter of law.
Lien Law § 3 provides that a contractor who performs labor or furnishes materials for the improvement of real property with the consent, or at the request of, the owner "shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien." "The lienor must establish the amount of the outstanding debt by submitting proof of either the price of its contract or the value of the labor and materials supplied" (DHE Homes, Ltd. v Jamnik, 121 AD3d 744, 745; see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d 171, 175). The amount of the lien is limited by the contract under which it is claimed, and ordinarily a lienor is bound by the price term contained in the contract to which it is a party (see Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d at 175).
The lienor's right to recover is further limited by principles of subrogation (see id. at 176; 8 Warren's Weed New York Real Property § 92.11[1], [4]). Thus, no individual mechanic's lien can exceed the total amount owed by the owner to the general contractor at the time of the filing of the notice of lien (see Lien Law § 4[1]; Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d at 176). The subcontractor's right to recover is derivative of the right of the general contractor to recover, and if the general contractor is not owed any amount under its contract with the owner at the time the subcontractor's notice of lien is filed, then the subcontractor may not recover (see Timothy Coffey Nursery/Landscape v Gatz, 304 AD2d 652, 653-654). "[T]he principle of subrogation applies to all tiers of subcontractor liens" (Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d at 176-177). "Each party is subrogated to the rights of the contractor or subcontractor on the contracting tier above him" (id. at 177 [internal quotation marks omitted]).
Despite their contentions to the contrary, Masterpiece and Hudson failed to establish that there were no funds due and owing to Industrial, the subcontractor, to which the liens of NGU, the sub-subcontractor, could attach (see C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp., 168 AD3d 664, 666; Bryan's Quality Plus, LLC v Dorime, 112 AD3d 870, 870; L & W Supply Corp. v A.D.F. Drywall, Inc., 55 AD3d 1026, 1027).
In addition, Masterpiece and Hudson failed to establish that NGU and Citi's liens were invalid, as they failed to demonstrate that the costs of completing the work for which NGU and Citi were retained exceeded the outstanding sum otherwise due to the plaintiffs (see L & W Supply Corp. v A.D.F. Drywall, Inc., 55 AD3d at 1027; Westbury S & S Concrete v Manshul Constr. Corp., 212 AD2d 596).
Since Masterpiece and Hudson failed to satisfy their prima facie burden, we need not address the sufficiency of NGU's and Citi's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court