## New York Concrete Washout Sys., Inc. v Naylor Concrete & Steel Erectors, LLC

2024 NY Slip Op 31211(U)

April 9, 2024

Supreme Court, New York County

Docket Number: Index No. 157546/2018

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. ALEXANDER M. TISCH          PART   18

                                                 *Justice*

------------------------------------------------------------------X

NEW YORK CONCRETE WASHOUT SYSTEMS, INC.,

                                  Plaintiff,

- v -

NAYLOR CONCRETE & STEEL ERECTORS, LLC,
FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
ZURICH AMERICAN INSURANCE COMPANY,
PIZZAROTTI, LLC, JOHN DOES, XYZ CORPORATION
1-10 AND/OR, JOHN DOES,

                                  Defendants.

------------------------------------------------------------------X

PIZZAROTTI, LLC,

                                  Plaintiff,

-against-

MDB DEVELOPMENT CORP.,

                                  Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157546/2018 |
| MOTION DATE | 01/25/2022 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595768/2018

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this action, plaintiff New York Concrete Washout Systems, Inc. (NYCWS) is seeking, *inter alia*, enforcement of a mechanic's lien.  By an order dated December 14, 2021, default judgment was granted as against defendant Naylor Concrete & Steel Erectors, LLC.[1]  The remaining defendants Zurich American Insurance Company, Fidelity and Deposit Company of

---

[1] The judgment was in the sum of $43,334.47, inclusive of interest and attorney's fees in the amount of $6,149.86, as well as costs and disbursements in the amount of $600 (*see* NYCEF Doc. 74, 119).

**157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL**         Page 1 of 10
**Motion No.  004**

1 of 10

Maryland (together, the Surety), and Pizzarotti LLC (Pizzarotti) move for partial summary judgment pursuant to CPLR 3212(e) seeking dismissal of all claims against them brought by NYCWS. They also seek dismissal of claims of third-party defendant, MDB Development Corp. (MDB), or in the alternative, reducing the value of MDB's claims.

## BACKGROUND

On September 18, 2015, Pizzarotti entered into a written agreement with non-party WC 28 Realty LLC in which Pizzarotti was to perform construction management services on a residential building (the Project) located at 527 West 27th Street, New York, New York, a/k/a 526 West 28th Street, New York, New York (the Property). Pizzarotti then subcontracted with MDB as per a written agreement dated May 1, 2017, in which MDB was to provide concrete and formwork services and materials in connection with the Project. The agreed upon price and value was $4,000,000 (PZ/MDB Subcontract, Mazzolini aff, exhibit A, NYSCEF Doc. No. 81, ¶ 4.1). MDB then entered into a subcontract agreement with Naylor Concrete & Steel Erectors, LLC (Naylor), dated May 1, 2017, LLC in which Naylor was to provide labor, materials, and equipment in connection with the Project. The agreed upon price and value was $3,000,000. Naylor then subcontracted with NYCWS as per an agreement dated May 10, 2017, in which NYCWS agreed to furnish and service patented, watertight, Portable Concrete Washout Containers in connection with the Project.

Less than a year later, on March 2, 2018, NYCWS filed a mechanic's lien against the Property in the amount of $20,306. Pizzarotti discharged the NYWCS lien ten days later, on March 12, 2018, by filing the Lien Discharge Bond No. 09281706 (the Bond) issued to Pizzarotti by the Surety. Another mechanic's lien on the Property was filed by MDB on March 27, 2018, in the amount of $1,035,230.97. In 2020, Pizzarotti filed a petition in a special proceeding

157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No. 004

Page 2 of 10

2 of 10

[* 2]

against MDB, captioned *In The Matter of the Application of Pizzarotti, LLC For an Order Directing MDB Development Corp. to deliver a Proper Verified Itemized Statement as Required by Lien Law Section 38* (Index No. 150613/2020), to obtain a verified statement of MDB's lien. In response to the petition, the attorney for MDB filed an affirmation stating that on February 19, 2020, MDB filed a Partial Satisfaction of Lien which reduced the lien amount to $400,000, which "only includes contract retainage, as clearly set forth in requisitions 11 and 12" (Aff of Puja Sharma, NYSCEF Doc. No. 89, ¶ 17, Aff of Howard Blum, Sharma aff, exhibit S, NYSCEF Doc. No. 100, ¶ 7; Aff of Michael DeBellas, NYSCEF Doc. No. 121, ¶¶ 6, 8).

On or about May 22, 2018, Pizzarotti terminated MDB for the alleged failure to discharge NYCWS's lien. Pizzarotti also claims that MDB breached the contract and stopped work on the Project on February 27, 2018, such that nothing further is due and owing. However, MDB alleges that it is owed payment for requisitions 11 and 12. The remaining defendants now seek partial summary judgment pursuant to CPLR 3212(e) as against NYCWS and MDB.

## DISCUSSION

On a motion for summary judgment, the "movant bears the heavy burden of establishing 'a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Deleon v New York City Sanitation Dept.*, 25 NY3d 1102, 1106 [2015], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Once this showing has been made . . ., the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman*, 49 NY2d at 562). On the motion, the

157546/2018   NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No. 004

Page 3 of 10

"facts must be viewed 'in the light most favorable to the non-moving party'" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]).

In support of their motion, movants submit, *inter alia*, Pizzarotti's contract with MDB, Pizzarotti's payments to MDB, MDB's payments to Naylor, MDB's lien waivers, the lien filed by NYCWS, and an affidavit of Veronica Mazzoleni, General Counsel for Pizzarotti. Movants argue that the plaintiff's claims should be dismissed as against Pizzarotti because no cause of action was asserted against it, and the claims against the Surety also warrant dismissal because NYCWS is not a proper lienor. Movants alternatively argue that even if NYCWS is a proper lienor, there is no lien fund to which the lien may attach.

NYCWS

Movants contend NYCWS is a fourth-tier sub-sub-supplier who did not provide material or labor to be incorporated in the improvement and is thus not a proper lienor. However, they fail to offer any legal support for this assertion. Pursuant to Lien Law § 3,

> "A contractor [or] subcontractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of [the owner's] agent . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor ... or materials . . . from the time of filing a notice of such lien."

New York Lien Law very clearly defines a subcontractor as "a person who enters into a contract with a contractor and/or with a subcontractor for the improvement of such real property" (Lien Law § 2[10]). To the extent that the remaining defendants argue that the plaintiff is a materialman, a materialman is defined as someone who furnishes material or the use of equipment to a contractor or a subcontractor (Lien Law § 2[12]). Both are proper lienors (Lien Law § 3). Here, Pizzarotti subcontracted with MDB, who sub-subcontracted with Naylor, who

157546/2018 NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No. 004

Page 4 of 10

4 of 10

sub-sub-subcontracted with NYCWS to "furnish and service patented, watertight, Portable Concrete Washout Containers" (Naylor-NYCWS Contract, Mazzoleni aff, exh B, NYSCEF Doc. No. 82, at 2). On their notice of lien, NYCWS described the labor performed and materials furnished as "Provided and serviced patented concrete washout containers to recycle all excess concrete, slurry, and water from the site." As New York Lien Law is to be "construed liberally to secure the beneficial interests and purposes thereof," NYCWS is a subcontractor and thus, a proper lienor (Lien Law § 23; *see also Ferrara v Peaches Cafe LLC*, 32 NY3d 348, 353 [2018]; *W.-Fair Elec. Contractors v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 156 [1995]).

The lienor generally has the burden of establishing "the amount of the outstanding debt by submitting proof of either the price of its contract or the value of the labor and materials supplied. The amount of the lien is limited by the contract under which it is claimed, and ordinarily a lienor is bound by the price term contained in the contract to which it is a party" (*NGU, Inc. v City of New York*, 189 AD3d 850, 852 [2d Dept 2020] [internal quotation marks and citations omitted]). On a motion for summary judgment, however, it is the movant who bears the initial burden of coming forward with evidence showing *prima facie* entitlement to judgment as a matter of law, and, unless that burden is met, the opponent need not come forward with any evidence at all (*Winegrad*, 64 NY2d at 853; *Zuckerman*, 49 NY2d at 562). Here, the movants bear the burden of showing *prima facie* entitlement to partial summary judgment.

"In addition to a lienor's right to recover being limited by the contract price or reasonable value of the materials provided, it is further limited by the principle of subrogation" (*Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co.*, 112 AD3d 171, 176 [2d Dept 2013]; *see C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp.*, 168 AD3d 664, 666 [2d Dept 2019]). Lien Law § 4(1) states that a mechanic's lien "shall extend to the owner's right, title or interest in

157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No. 004

Page 5 of 10

5 of 10

the real property and improvements, existing at the time of filing the notice of lien."

Furthermore, "the lien shall not be for a sum greater than the sum earned and unpaid on the

contract at the time of filing the notice of lien, and any sum subsequently earned thereon" (Lien

Law § 4 [1]). Therefore,

> "no individual mechanic's lien can exceed the amount owed by the owner to the general contractor at the time of filing the lien. Money still due and owing from the owner to the contractor at the time of the filing of the lien, plus any sums subsequently earned thereon, is known as the 'lien fund.' The subcontractor's right to recover is derivative or subrogated to the right of the general contractor to recover. Thus, if the general contractor is not owed any amount under its contract with the owner, then the subcontractor may not recover ..... Where sub-subcontractors are involved, this rule becomes more complex, because the principle of subrogation applies to all tiers of subcontractor liens. Each party is subrogated to the rights of the contractor or subcontractor on the contracting tier above him. Therefore, in the case of a sub-subcontractor or a materialman to a subcontractor, it may not enforce its lien for an amount in excess of either (1) the amount of money owed to him by the subcontractor; (2) the amount of money owed by the general contractor to the subcontractor; or (3) the amount of money owed by the owner to the general contractor"

(*Peri Formwork Sys., Inc.*, 112 AD3d at 176-177 [internal quotation marks and citations

omitted]; *see Kamco Supply Corp. v Nastasi & Assoc., Inc.*, 216 AD3d 458, 458 [1st Dept

2023]).

Here, NYCWS's right to recover from Pizzaroti and MDB is derivative of Naylor's right

to recover from them, and if Naylor was not owed any amount under its contract with MDB at

the time NYCWS's notice of lien was filed, then NYCWS may not recover. To meet their

burden on summary judgment and prove that no lien fund exists, movants must show Naylor was

not owed any amount from MDB when NYCWS's $20,306 lien was filed on March 2, 2018.

The final evidence of payment from MDB to Naylor is dated November 30, 2017, and the final

lien waiver from Naylor to MDB, which states that only 87% of the work has been completed, is

dated October 17, 2017. In addition, the total payments did not meet the contract price of

$3,000,000. Section 5 of the contract between MDB and Naylor governs changes in the work,

**157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL**                **Page 6 of 10**
**Motion No. 004**

[* 6]                                        6 of 10

and subsections 5.3 and 5.9 respectively state that a change order or construction change directive is required for any price adjustments. Neither document type has been offered by movants to reflect any reduction in contract price. Furthermore, Naylor filed a lien on the Property on January 24, 2018, and Naylor's lien remained on the Property and was not discharged until January 28, 2021, indicating Naylor believed it was owed money in March of 2018. Therefore, movants failed to prove no money was owed to Naylor at the time NYCWS filed its lien in the amount of $20,306 on March 2, 2018.

Further, the remaining defendants failed to prove that when NYCWS filed its lien for $20,306 on March 2, 2018, that the amount sought was more than the amount Naylor owed NYCWS, MBD owed to Naylor, Pizzarotti owed to MBD, or non-party WC 28 Realty LLC owed to Pizzarotti (*see Kamco Supply Corp. v JMT Bros. Realty, LLC*, 98 AD3d 891 [1st Dept 2012] [internal citations omitted]). NYCWS filed the lien against Naylor for $20,306. However, no final contract price was submitted. Therefore, movants have not made a *prima facie* case that the amount of NYCWS's lien is more than any amount that may be owed to it under the contract. With respect to the amount MDB owed Naylor, movants submit various payments from MBD to Naylor and subsequent lien waivers from Naylor, but all in amounts less than the contract price of $3,000,000. In addition, the submission of amounts paid to Naylor differs from the amounts on the lien waivers. Furthermore, Naylor had a lien against the Property in the amount of $748,581 at the time NYCWS's lien was filed, a greater amount than sought by NYCWS. Thus, movants fail to meet their burden on this point. As to the amount Pizzarotti owed MBD, movants submit evidence of various payments to and lien waivers from MDB, all of which demonstrate that the total payment to MBD exceeded the $4,000,000 contract price at the time NYCWS's lien was filed. However, MDB contends it is still owed $400,000 from Pizzarotti.

**157546/2018 NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL**
Motion No. 004

Page 7 of 10

7 of 10

MDB submits an affidavit of Michael DeBellas, the President of MDB, in which he states, *inter alia*, that the original lien amount of $1,035,230.97 was reduced to $400,000 on February 19, 2020, as per the filing of a Partial Satisfaction of Lien (DeBellas aff, ¶ 5-6). He also states that the remaining $400,000 consists of only contract retainage, as set forth in requisitions 11 and 12, and that no lien waivers exist for those amounts because the waivers are "conditioned solely upon the receipt of such payment" and payment was never received. The movants' submission of their payments to MDB show that the most recent payment to MDB was November 21, 2017. The lien waivers on which the movants rely are dated January 30 and February 8, 2018, respectively, but they failed to submit any corresponding proof of payment. Movants have failed to make a *prima facie* case that nothing is owed from Pizzarotti to MDB. Lastly, as for what non-party WC 28 Realty LLC owed to Pizzarotti, movants fail to submit any proof showing nothing was owed from non-party WC 28 Realty LLC to Pizzarotti. Thus, the portion of the motion seeking partial summary judgment pursuant to CPLR 3212(e) is denied.

MBD

In its third-party complaint, Pizzarotti asserted claims of breach of contract and indemnity and contribution as against MDB, which responded with counterclaims. Pizzarotti now moves pursuant to CPLR 3212(e) seeking summary judgment dismissing MDB's counterclaims of quantum meruit, unjust enrichment, breach of contract, and lien foreclosure.

Generally, where a plaintiff seeks to recover under an express agreement, no cause of action lies to recover for unjust enrichment (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 (1987); *JDF Realty, Inc. v Sartiano*, 93 AD3d 410 [1st Dept 2012]). As it is undisputed that a contract between Pizzarotti and MDB exists, MDB's cause of action to recover

157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No. 004

Page 8 of 10

[* 8]

8 of 10

under unjust enrichment must be denied (*see J.T. Magen & Co., Inc. v Nissan N. Am., Inc.*, 178 AD3d 466, 467 [1st Dept 2019]).

A breach of contract claim requires a plaintiff to establish (1) the existence of a contract, (2) the plaintiffs' performance under the contract; (3) the defendant's breach of that contract, and (4) resulting damages (*see Second Source Funding, LLC v Yellowstone Capital, LLC*, 144 AD3d 445 [1st Dept 2016]; *Harris v Seward Park Hous. Corp.*, 79 AD3d 425 [1st Dept 2010]). As already noted, it is undisputed that a contract exists between Pizzarotti and MBD. In support of its assertion that it did not breach the contract, Pizzarotti offers the signed lien waivers from MDB, but fails to submit any corresponding proof of payment. Thus, Pizzarotti has failed to meet its burden on summary judgment to dismiss the breach of contract counterclaim. However, due to MDB's filing of a partial satisfaction of lien, any recovery on the claim is limited to $400,000.

Summary judgment seeking dismissal of MDB's counterclaim to foreclose on its mechanic's lien is also denied. "To establish the right to enforce a mechanic's lien, a contractor must make a prima facie case that the lien is valid, and that it is entitled to the amount asserted in the lien" (*J.T. Magen & Co., Inc. v Nissan N. Am., Inc.*, 178 AD3d 466, 466 [1st Dept 2019], citing *Ruckle & Guarino, Inc. v Hangan*, 49 AD3d 267, 267 [1st Dept 2008]). In support of its contention that MDB's mechanic's lien is not valid and that MDB is not entitled to the amount asserted in the lien, Pizzarotti once again offers the lien waivers, which are insufficient to make a *prima facie* case, without the omitted corresponding proof of payment.

157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL
Motion No.  004

Page 9 of 10

## CONCLUSION

For the reasons discussed above, it is ORDERED that the motion of Defendants Zurich American Insurance Company, Fidelity and Deposit Company of Maryland and Pizzarotti, LLC (Motion Sequence Number 004) for partial summary judgment against plaintiff New York Concrete Washout Systems, Inc. and third-party defendant MDB Development Corp. is hereby granted in part and denied in part. The motion is granted to the extent that MDB Development Corp.'s possible recovery is capped at $400,000, and otherwise denied.

This constitutes the decision and order of the Court.

| 4/9/2024 | | | | |
|----------|---|---|---|---|
| **DATE** | | | **ALEXANDER M. TISCH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157546/2018  NEW YORK CONCRETE WASHOUT vs. NAYLOR CONCRETE & STEEL**
**Motion No. 004**

**Page 10 of 10**

[* 10]