Layout, Inc. v Heavy Metal Corp.
2026 NY Slip Op 03435
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Layout, Inc., appellant,
v
Heavy Metal Corp., et al., defendants, 2 North 6th Place Property Owner, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2021-04937, (Index No. 501916/17)
Valerie Brathwaite Nelson, J.P.
Helen Voutsinas
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Cohen Seglias Pallas Greenhall & Furman, P.C., New York, NY (Shawn R. Farrell and Gary J. Repke, Jr., of counsel), for appellant.
Sheats & Bailey, PLLC, Liverpool, NY (Edward J. Sheats of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to foreclose two mechanic's liens, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated June 4, 2021. The order granted the motion of the defendants 2 North 6th Place Property Owner, LLC, and Fidelity and Deposit Company of Maryland for summary judgment dismissing the amended complaint insofar as asserted against them, and denied the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against those defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants 2 North 6th Place Property Owner, LLC, and Fidelity and Deposit Company of Maryland for summary judgment dismissing the amended complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The defendant 2 North 6th Place Property Owner, LLC (hereinafter 2 North 6th Place), hired Levine Builder, Inc. (hereinafter Levine), to serve as general contractor for the development of a commercial construction project at 2 North 6th Place in Brooklyn (hereinafter the 2 North project). Levine hired Global Precast, Inc. (hereinafter Global), to manufacture and install precast panels for the 2 North project. Global hired the defendant Heavy Metal Corp., also known as the defendant East Coast Precast & Rigging, LLC (hereinafter East Coast), to erect and install the panels. East Coast, in turn, hired the plaintiff to perform survey work in connection with the installation of the panels. On a second, unrelated project, the defendant Pacific Park 550 Vanderbilt, LLC, hired Plaza Construction, LLC (hereinafter Plaza), to serve as general contractor for the development of a commercial construction project at 550 Vanderbilt Avenue in Brooklyn (hereinafter the Vanderbilt project). Plaza hired Global to manufacture and install precast panels at the site, Global again hired East Coast to install the panels, and East Coast again hired the plaintiff to perform survey work.
In April 2016, the plaintiff filed mechanic's liens against the properties at 2 North 6th [*2]Place and 550 Vanderbilt Avenue for its unpaid survey work on the 2 North project and the Vanderbilt project. Global thereafter secured bonds from the defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity) to discharge both liens. The plaintiff commenced this action to foreclose the two mechanic's liens and recover on the bonds. 2 North 6th Place and Fidelity (hereinafter together the defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff opposed the motion and moved for summary judgment on the amended complaint insofar as asserted against the defendants. In an order dated June 4, 2021, the Supreme Court granted the defendants' motion and denied the plaintiff's motion. The plaintiff appeals.
Pursuant to Lien Law § 4(1), "no individual mechanic's lien can exceed the total amount owed by the owner to the general contractor at the time of the filing of the notice of lien" (C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp., 168 AD3d 664, 666). "The lienor must establish the amount of the outstanding debt by submitting proof of either the price of its contract or the value of the labor and materials supplied" (id. [internal quotation marks omitted]).
"The lienor's right to recover is further limited by principles of subrogation" (id.). "The subcontractor's right to recover is derivative of the right of the general contractor to recover, and if the general contractor is not owed any amount under its contract with the owner at the time the subcontractor's notice of lien is filed, then the subcontractor may not recover" (id.). "The purpose of this . . . is to limit the liability of the owner in the aggregate to the amount which he [or she] had contracted to pay" (Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d 171, 176 [internal quotation marks omitted]).
The "[m]oney still due and owing from the owner to the contractor at the time of the filing of the lien, plus any sums subsequently earned thereon, is known as the 'lien fund'" (id.). A lienor is limited to recovering from the lien fund (see C.C.C. Renovations, Inc. v Victoria Towers Dev. Corp., 168 AD3d at 666; Albert J. Bunce, Ltd. v Fahey, 73 AD2d 632, 632-633).
However, "[w]here sub-subcontractors are involved, this rule becomes more complex, because the principle of subrogation applies to all tiers of subcontractor liens" (Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d at 176-177). In other words, "[e]ach party is subrogated to the rights of the contractor or subcontractor on the contracting tier above him [or her]" (id. at 177 [internal quotation marks omitted]). "Therefore, in the case of a sub-subcontractor . . . to a subcontractor, it may not enforce its lien for an amount in excess of either (1) the amount of money owed to him [or her] by the subcontractor; (2) the amount of money owed by the general contractor to the subcontractor; or (3) the amount of money owed by the owner to the general contractor" (id. [internal quotation marks omitted]; see NGU, Inc. v City of New York, 189 AD3d 850, 852).
The Supreme Court should have denied both motions for summary judgment due to triable issues of fact as to whether there was a lien fund from which the plaintiff could recover. Contrary to the defendants' contentions, they failed to establish that there were no funds due and owing to East Coast, to which the plaintiff's respective liens could attach (see NGU, Inc. v City of New York, 189 AD3d at 852). An affidavit of Hermann Michlits, a senior project manager for Global, failed to account for or adequately explain certain balances, which accrued before the lien filing dates and were not satisfied until thereafter. Since the defendants failed to satisfy their prima facie burden, we need not address the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Similarly, the plaintiff failed to eliminate triable issues of fact as to the existence of eligible lien funds for the 2 North project and the Vanderbilt project.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the amended complaint insofar as asserted against the defendants, but erred in granting the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court