JUAN L. RIOS, Individually and as Administrator of the Estate of JULIA RIOS, Deceased, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.—

Concur — Capozzoli, Nunez and Macken, JJ.; Eager, J. P., and McNally, J., dissent in the following memorandum by McNally, J.: I dissent and vote to affirm. The plaintiff-appellant has failed to submit a reasonable excuse in moving to open plaintiff's default. The application for a two-week adjournment was predicated on alleged family problems of plaintiff in Puerto Rico. No application was made to have the case assigned for trial subject to the alleged engagement of trial counsel. In addition, plaintiff has failed to show a meritorious cause of action. The affidavit of the plaintiff administrator fails to satisfy the requirements of a factual showing of merits. There is no indicaton that the plaintiff is in a position to make out a prima facie case. The conclusory allegation that the train struck the plaintiff's decedent and that the motorman had seen the decedent before the train struck her is insufficient. The papers indicate the plaintiff had an examination of the motorman involved in the accident and thus should be in a position to come forward with facts. (*Levine* v. *Fal-Bar Argentinian Corner Restaurant,* 18 A D 2d 611; *Investment Corp. of Philadelphia* v. *Spector,* 12 A D 2d 911; *Benadon* v. *Antonio,* 10 A D 2d 40, 42; *Barnett Co.* v. *St. Paul Fire & Marine Ins. Co.,* 7 A D 2d 897;

*Titus* v. *Halstead;* 209 App. Div. 66; *Fitzgerald Mfg. Co.* v. *Alexander,* 200 App. Div. 164, app. dsmd. 234 N. Y. 608.) Further, no reason is advanced for the delay in bringing on this appeal from an order entered approximately one year ago. Settle order on notice.