■ PETER HEIST, Appellant, v JOHN CAMERON et al., Respondents. [620 NYS2d 385] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 20, 1993, dismissing the complaint for failure to prosecute, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, the complaint reinstated and the matter remanded for further proceedings before another Justice.

The IAS Court, *sua sponte,* dismissed this action for failure

to prosecute, when, on the date the court had set the matter down for trial, plaintiff's counsel, with a note of issue in hand, as directed, stated that, as an officer of the court, he could not file a certificate of readiness with unresolved discovery issues outstanding. Counsel also advised the court that the parties were in the process of settlement negotiations. At the time, plaintiff had a motion pending to compel answers to deposition questions. Before dismissing the action, the IAS Court advised counsel that it would deny the pending motion for failure to seek its permission, as required by the Rules of the Part. We reverse.

The inherent power of courts to control their own calendars and the disposition of business is not the issue here. As we view this record, the IAS Court abused its discretion in dismissing, *sua sponte,* this actively prosecuted action in the face of a legitimate request for an adjournment and summarily refusing to consider the merits of a properly noticed motion. *(See, Rios v New York City Tr. Auth.,* 35 AD2d 804; *Buckley v St. Bernard's School,* 28 AD2d 701.) In that regard, we note that the conditioning of the making of motions on prior judicial approval is violative of a party's statutory rights *(Matter of Hochberg v Davis,* 171 AD2d 192).

It is clear that counsel's unwillingness to proceed was not willful. Moreover, plaintiff appears to have a meritorious cause of action. The public policy of this State prefers that cases be decided on the merits. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.