■ CEASAR CANTOS et al., Respondents, v CASTLE ABATEMENT CORP. et al., Appellants. [673 NYS2d 662] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 25, 1997, which denied defendants' motion to vacate a November 7, 1996 order of the same court and Justice striking defendants' answer for failure to comply with a discovery order and setting the matter down for an inquest, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to vacate granted, the answer reinstated, and the matter remanded to Supreme Court for further proceedings.

In this class action, commenced in June 1995, plaintiffs seek payment of prevailing wages and benefits pursuant to Labor Law § 220. In August 1995, defendants served plaintiffs with their answer and demands for discovery. By decision and order dated June 25, 1996, Supreme Court granted class certification to plaintiffs and denied a cross motion by defendants to compel disclosure, finding the material sought to be unrelated to the question of class certification and, thus, premature. On July 11, 1996, plaintiffs served defendants with their first demand for production of documents. At a conference held on July 16, the court directed the parties to complete discovery by November 6. When no response to plaintiffs' discovery demand was forthcoming, plaintiffs brought a motion dated October 9, 1996 seeking an order striking the answer pursuant to CPLR 3126. On or about October 25, defendants cross moved for sum-

mary judgment. However, counsel for defendants was subsequently advised that the applications had not been placed on Supreme Court's calendar because plaintiffs had failed to obtain the court's permission before filing the motion (*see, Heist v Cameron*, 211 AD2d 429 [Jan. 10, 1995]). Plaintiffs served their response to defendants' discovery demands on November 5, 1996. Defendants complied with plaintiffs' discovery demands some three weeks later.

Defendants failed to appear for the November 6 conference, and the court, noting defendants' failure to comply with its order for completion of discovery, struck the answer and directed judgment in favor of plaintiffs on the issue of liability. On December 2, defendants moved, by way of order to show cause, to vacate their default. The accompanying affidavit states that the attorney who had been handling the case withdrew from the firm without informing his replacement about the scheduled conference. It notes that, in September 1995, an investigation into defendant Castle Abatement Corp.'s payroll practices had been conducted by the New York City Comptroller's office, resulting in a finding that "there was full compliance with all statutory requirements." It further asserts that releases have been obtained from certain plaintiffs on behalf of defendant Castle Abatement Corp. and that plaintiffs' counsel was less than forthcoming in failing to apprise the court of defendants' motion for summary judgment that was predicated, in part, upon those releases.

Failure to comply with legitimate discovery demands warrants dismissal of a pleading where the party's conduct is "dilatory, evasive, obstructive, and ultimately contumacious" (*Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374) and, thus, "frustrates the disclosure scheme provided by the CPLR" (*supra,* at 375). This Court has consistently held that "[t]he striking of an answer is an extreme and drastic penalty, and should not be invoked where the moving affidavit fails to show conclusively that the default was clearly deliberate or contumacious" (*supra,* at 374, citing *Cinelli v Radcliffe*, 35 AD2d 829).

The moving papers disclose, at worst, a case of law office failure. Moreover, plaintiffs did not complete disclosure (the adequacy of which is disputed by defendants) until November 5, 1996 (the very last day), and defendants complied with outstanding discovery demands several weeks later. Moreover, the bringing of a motion for summary judgment stays outstanding discovery unless the court expressly orders otherwise (CPLR 3214 [b]; *Zletz v Wetanson*, 67 NY2d 711, 713-714; *see, Schneider v Rockefeller*, 31 NY2d 420, 435). The order direct-

ing the parties to complete discovery by November 6, 1996 does not remove this matter from the operation of CPLR 3214 (b) (*cf., Town of Southampton v Salten*, 186 AD2d 796 [conditional order of dismissal]). Nor can it be said that defendants' cross motion for summary judgment was frivolous or "deliberately designed to hinder and prevent the orderly process of pretrial disclosure" (*Spancrete Northeast v Travelers Indem. Co.*, 99 AD2d 623, 624 [tactics not so blatant as to warrant ultimate sanction of striking answer]). That the cross motion for summary judgment was never placed on the court's calendar is immaterial. As we have previously stated, "the conditioning of the making of motions on prior judicial approval is violative of a party's statutory rights" (*Heist v Cameron, supra,* at 430; *see also, Matter of Mennella v Torres,* 91 NY2d 474; *Matter of Brusco v Braun,* 84 NY2d 674, *affg* 199 AD2d 27). Concur— Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.