■ FISCHBACH & MOORE, INC., Appellant, v SKYLINE CONSTRUCTION MANAGEMENT, INC., Respondent. [741 NYS2d 33] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 24, 2001, which, inter alia, denied

plaintiff's motion to extend its time to file a note of issue, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion granted.

Plaintiff, an electrical subcontractor, sues to recover a balance due in the amount of $68,116.93 for electrical services performed on behalf of defendant, a general contractor. Plaintiff moved for summary judgment, submitting the affidavit of its credit manager identifying the outstanding invoices reflecting the amounts due. In an order entered April 8, 1999, the court denied the motion, finding questions of fact regarding a handwritten notation on one of the invoices and a discrepancy regarding the amount of another. Thereafter, on December 10, 1999, the court ordered that failure to file a note of issue and to submit a copy of the filed note bearing the stamp of the Trial Support Office to the court within 90 days (March 10, 2000) would result in dismissal. According to plaintiff, on March 6, 2000, it served and filed the note of issue, together with the appropriate fee, in the Trial Support Office. On March 22, 2000, the Trial Support Office notified plaintiff's counsel that the action was marked dismissed on March 16, 2000 and that a note of issue could not be filed on any disposed of case. The Trial Support Office further advised counsel to contact the court for restoration procedures. On or about October 31, 2000, plaintiff moved for an extension of time to file a note of issue. In a supporting affirmation, counsel stated that after he received notice that the action had been dismissed, he called the Trial Support Office and was advised that there was a several week delay in processing notes of issue. While the note of issue had been presented for filing on March 6, 2000, it was not processed until March 22, 2000, by which time the action had been dismissed. Citing plaintiff's failure to comply with the court order or request an extension of time before the default date, defendant cross-moved for dismissal of the complaint pursuant to CPLR 3216. Significantly, defendant never denied timely receipt of the March 6, 2000 note of issue. The court denied the motion, citing the lack of proof of delivery of the note of issue to the trial part, the absence of an affidavit of merit and no explanation for the delay in seeking relief. The cross motion was denied as moot. Plaintiff appeals from the denial of this motion. We reverse.

While plaintiff's counsel delayed until October 2000 to seek relief after having been advised of the dismissal on March 22, 2000, and then, instead of moving to restore, moved for an extension of time to file the note of issue, it was an improvi-

dent exercise of discretion to refuse to grant relief to plaintiff in the face of its showing that the action was being actively prosecuted. (*See, e.g., Heist v Cameron,* 211 AD2d 429.) Plaintiff had engaged in discovery and moved for summary judgment. In fact, the decision denying summary judgment is tacit recognition of merit of plaintiff's complaint.

More importantly, plaintiff attempted to comply timely with the court's order to file a note of issue. The court, however, ignored or improperly discounted the explanation of a timely service and filing, focusing instead on the lack of filing in the court part. The Trial Support Office's note lent credence to plaintiff's claim of an attempted filing, timely by four days. Nowhere does defendant deny its being timely served with the note of issue.

While plaintiff did not submit an affidavit of merit in support of its motion for an extension and was not required to make such a showing since the case was not on the trial calendar (*see, Johnson v Minskoff & Sons,* 287 AD2d 233), plaintiff's affidavit and the invoices submitted in support of its summary judgment motion show the distinct likelihood of success on the merits. Finally, it should be noted, the record is devoid of any evidence indicating that defendant has suffered any prejudice by the delay herein. Defendant did not raise this issue in support of its cross motion; nor does it do so on appeal.

In light of plaintiff's demonstrated efforts to comply with the court's order and the strong policy of this state that cases be decided on the merits (*Heist v Cameron, supra* at 430), it was an improvident exercise of discretion to deny plaintiff's motion for an extension of time to file a note of issue. Concur—Saxe, J.P., Buckley, Sullivan, Rosenberger and Ellerin, JJ.