■ Lisa Cassevah, Appellant, v Stephanie Mack et al., Doing Business as Lighthouse Properties, Respondents. [857 NYS2d 343]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 28, 2007 in Clinton County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendants are mother and daughter who operated a partnership known as Lighthouse Properties. Through the partnership, defendants purchased residential property located in the Town of Plattsburgh, Clinton County at a tax foreclosure auction and, after renovations, sold the property to plaintiff. Three and a half years later, plaintiff discovered that portions of the subfloor and floor joists were rotten. Based upon the representation in the listing agreement that "all carpet and flooring ha[d] been replaced," plaintiff commenced this action against defendants for deceptive business practices pursuant to General Business Law § 349, fraud and breach of contract.

Supreme Court granted plaintiff's subsequent motion for issuance of an open commission, seeking depositions in Vermont of defendants' husbands, who are not parties to the action but were involved in the renovations. Shortly thereafter but before the depositions were held, defendants moved for summary judgment dismissing the complaint. Supreme Court granted that motion and this appeal ensued.

A court is authorized to deny a summary judgment motion or grant a continuance thereof pending discovery when "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]; *see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164 [1980]). Here, in opposition to defendants' motion for summary judgment, plaintiff's counsel averred that essential facts to justify opposition to the summary judgment motion may exist but could not be stated until defendants' husbands were deposed. In support of this contention, counsel referred to Supreme Court's prior order issuing an open commission to depose defendants' husbands wherein the court found

that defendants' spouses "may have knowledge about the problems with the property" inasmuch as they were directly involved in the renovations of the property, having hired individuals to work on the property as well as giving advice and direction regarding the renovations. Importantly, in issuing that order, the court specifically concluded that such depositions "could lead to relevant evidence." Under these circumstances, it would have been more appropriate for the court to have stayed defendants' summary judgment motion pending those depositions (*see e.g. Alston v Golub Corp.*, 129 AD2d 916, 918 [1987]; *cf. Long v Fitzgerald*, 240 AD2d 971, 974 [1997]).

Mercure, Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion for summary judgment stayed pending plaintiff's completion of discovery pursuant to Supreme Court's order of open commission for depositions.