■ JOAN MURRAY, Formerly Known as JOAN M. ATKINS, Respondent, v ANB CORPORATION, Appellant. [902 NYS2d 708]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered September 21, 2009 in Tompkins County, which, among other things, granted plaintiff's cross motion to hold in abeyance defendant's motion for summary judgment.

Plaintiff and her husband purchased the subject property, located in the Village of Cayuga Heights, Tompkins County, in 1987. When plaintiff and her husband defaulted on their mortgage belonging to NP Funding II, LP in 1994, NP Funding commenced a foreclosure proceeding and, ultimately, obtained title to the property. Around this time, plaintiff purportedly entered into an agreement with William Adams for financial assistance in an attempt to reclaim the property. According to plaintiff, Adams agreed to purchase the property from NP Funding and then to gratuitously convey title to the property to her. In this regard, the record establishes that, in January 1995, NP Funding conveyed title to the property to defendant, a corporation that Adams allegedly formed and of which he is allegedly the sole officer and shareholder. After defendant took title to the property, plaintiff entered into a written lease agreement

with Adams, apparently in his individual capacity, whereby plaintiff was to pay rent in a nominal amount for a period of one year, with 10 renewal options, and with an option for plaintiff to purchase the property after 10 years.

Plaintiff apparently resided on the property pursuant to the lease agreement until 2003, when Theo Rogers, purportedly acting as attorney-in-fact for Adams, returned a rent check to plaintiff and informed her that she was residing on the property with Adams' permission rather than pursuant to a lease agreement. Nevertheless, plaintiff apparently continued to send rent payments to defendant and reside on the property without further incident until 2005, when Rogers returned another rent check to her. Four years later, defendant informed plaintiff through its counsel that it, rather than Adams, was the record owner of the property and that it considered her to be in breach of her lease agreement with Adams and demanded that she vacate the property. Soon thereafter, plaintiff commenced this action seeking a determination that she had acquired title to the property by adverse possession. After issue was joined, but before discovery was completed, defendant moved for summary judgment on its counterclaims and for dismissal of the complaint. Plaintiff cross-moved for summary judgment dismissing the counterclaims and sought a stay of defendant's summary judgment motion pending the completion of discovery. Supreme Court granted that portion of plaintiff's cross motion seeking a stay and held in abeyance that portion of the cross motion seeking summary judgment dismissing the counterclaims, as well as defendant's entire summary judgment motion. Defendant appeals.

A court may hold a summary judgment motion in abeyance pending further discovery when "facts essential to justify opposition [of the motion] may exist but cannot then be stated" (CPLR 3212 [f]; *see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164 [1980]). Here, plaintiff alleged that her discovery demand sought documentary evidence that was essential to her opposition to defendant's summary judgment motion. Among other things, plaintiff alleged that the requested documents would support her claims that she believed that Adams—not defendant—was the title owner of the property and that defendant had never granted her permission to reside on the property. However, as Supreme Court determined, these issues, as well as issues regarding the nature of the relationship between Adams and defendant, and Rogers' authority to act on behalf of Adams and/or defendant, have not been adequately developed in the record. Inasmuch as facts regarding these is-

sues, and others, are essential to justify plaintiff's opposition to defendant's summary judgment motion (*see e.g.* RPAPL 501, 531; *Robinson v Robinson*, 34 AD3d 975, 976 [2006], *lv denied* 8 NY3d 805 [2007]; *Walling v Przybylo*, 24 AD3d 1, 4 [2005], *affd* 7 NY3d 228 [2006]), we cannot say that Supreme Court abused its discretion by holding the summary judgment motion in abeyance pending the completion of discovery (*see e.g. Cassevah v Mack*, 51 AD3d 1132, 1132-1133 [2008]).

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.