In an action to recover damages for personal injuries, the defendant United Properties Corp. appeals from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 21, 2012, as denied its motion for summary judgment, inter aha, dismissing the complaint insofar as asserted against it, with leave to renew after the completion of discovery.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured at the Hush Bar and Lounge (hereinafter Hush Bar) in Patchogue, when another patron, the defendant Nicholas Polito, struck him with a glass. The plaintiff commenced this action against Polito and the owner of Hush Bar, Hush Bar and Lounge, Inc. (hereinafter HB&L), and its manager, Ruben Cortes, as well as against the owner of the building in which Hush Bar was located, United Properties Corp. (hereinafter United). The plaintiff asserted claims based on negligence and violation of General Obligations Law § 11-101 (1) against HB&L, Cortes, and United. Before discovery was conducted, United moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against *855 it. In support thereof, United submitted an affidavit from its manager to the effect that it was an out-of-possession landlord with no control over the premises or the business of Hush Bar. The plaintiff opposed the motion on the ground that discovery had not yet been conducted, but was necessary in order to determine the relationship between United and both HB&L and HB&L’s business. The Supreme Court denied United’s motion, with leave to renew after the completion of discovery.
As United correctly contends, the affidavit of its manager was sufficient to satisfy United’s prima facie burden (see CPLR 3212; Borelli v 1051 Realty Corp., 242 AD2d 517 [1997]). Nonetheless, under the circumstances presented here, the plaintiff was entitled to discovery on the issue of United’s relationship to HB&L, Cortes, and Hush Bar in order to oppose the motion (see CPLR 3212 [f]; cf. Murray v ANB Corp., 74 AD3d 1548, 1549-1550 [2010]). Accordingly, the Supreme Court properly denied United’s motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew after the completion of discovery. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.