Matter of Stone (2025 NY Slip Op 52075(U))

[*1]

Matter of Stone

2025 NY Slip Op 52075(U)

Decided on December 19, 2025

Surrogate's Court, Saratoga County

Schopf, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 19, 2025
Surrogate's Court, Saratoga County

In the Matter of the Probate Proceeding for Gary E. Stone, Deceased.

File No. 2024-464

William J. Keniry, Esq.Tabner, Ryan & Keniry, LLPAttorneys for the Petitioner (Bonita Stone, Petitioner/Named Executrix)18 Corporate Woods Boulevard, Suite 8Albany, NY 12211John F. Harwick, Esq.Hacker Murphy LLPAttorneys for Tara Stone (Objectant/Respondent)28 Second StreetTroy, NY 12180

Jonathan G. Schopf, S.

GARY E. STONE (hereinafter the "Decedent") died a resident of Saratoga County on August 25, 2023 at seventy-four (74) years of age. The Decedent was survived by his wife, Bonita Stone and his three (3) children, Courtney Stone, Kelly Stone Voland, and Tara L. Stone, the Objectant herein (hereinafter "Objectant"), who are his distributees. A Petition for Probate dated July 24, 2024 was filed by Bonita Stone (the named Executrix in the Will and hereinafter referred to as "Petitioner") on August 6, 2024, seeking to probate Decedent's purported Last Will and Testament dated February 8, 2023.
Courtney Stone and Kelly Stone Voland executed Waivers of Process and Consent to Probate dated July 24, 2024, which were filed with the Court on August 6, 2024. A citation was issued for Tara L. Stone, returnable October 9, 2024; and a supplemental citation was issued for Tara L. Stone, returnable on November 6, 2024.[FN1]
Proofs of service were thereafter filed with the [*2]Court. Tara L. Stone appeared by counsel [FN2]
on November 6, 2024 and requested SCPA §1404 examinations. On December 12, 2024, the Court presided over said examinations, during which Robert Cafarelli and Barbara Cafarelli, the attesting witnesses, were examined. 
The Objectant filed Verified Objections on April 24, 2025.[FN3]
Said Verified Objections allege two (2) separate objections: (1) that the Decedent lacked testamentary capacity; and (2) Decedent's proffered last will was the product of undue influence and/or fraud. 
Thereafter on or about June 12, 2025, Petitioner filed a SCPA §2103 Petition for turnover related to certain transactions involving the Decedent and Objectant, alleging fraud, duress, coercion, undue influence, lack of mental capacity, and exceeding the scope of a Power of Attorney. Objectant filed a motion to dismiss alleging, in part, no evidence of decedent's lack of capacity for the transactions at issue; however, on the citation return date, Objectant's counsel withdrew the same on the record. On August 15, 2025, Objectant filed a Verified Answer to the SCPA §2103 Petition, with a counterclaim asserting, in part, that decedent made the transactions at issue "while of sound mind . . . acting of his own free will" and "free from fraud, duress, coercion, undue influence, or any other defect alleged in the petition." 
On August 22, 2025, Objectant filed a Consent to Change Attorney, noticing that Attorney Harwick of Hacker Murphy, LLP was to be substituted in as counsel for Objectant. The parties appeared with counsel for a conference on September 10, 2025. At said conference, and over the objections of Petitioner's counsel, the Court set forth a revised scheduling dates, memorialized in a written scheduling order dated September 16, 2025, that extended certain discovery deadlines and holding in abeyance the SCPA §2103 proceeding. 
By Notice of Motion dated October 14, 2025, Petitioner moves for summary judgment to have the objections dismissed, the purported Last Will and Testament admitted to probate, Letters Testamentary be issued to Petitioner, and for attorney's fees and costs. Objectant opposes the relief requested. 
On November 11, 2025, counsel for Objectant electronically filed opposition papers with the Court. The Affirmation in Opposition of John F. Harwick, Esq., dated November 11, 2025 expressly confirms Objectant's objection based upon lack of testamentary capacity was withdrawn. On November 21, 2025, counsel for Petitioner filed a Reply Affirmation in further support of summary judgment. 
On December 3, 2025, the parties appeared with counsel for oral argument on the instant motion and has considered the parties' arguments and their written submissions in making its decision. Based upon Objectant's affirmative withdrawal [FN4]
noted above, along with counsel's on the record statement during oral argument, and this Court's April 15, 2025 Decision and Order, [*3]there remains only one (1) objection alleging Decedent's proffered Last Will was the result of undue influence. SUMMARY JUDGMENTIt is well settled that summary judgment is a drastic remedy and will not be granted if there is any doubt as to the existence of a triable issue. It is a matter of issue finding, not issue determination. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v. Prospect Hosp., 68 NY2d 320, 324 [1986]). Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (Winegrad v. New York Univ. Med. Center, 64 NY2d 851, 853 [1st Dept. 1984]). Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]; In re Saman Estate, NYLJ, March 26, 2004, at 32, col 5 [Sur Ct, Nassau County 2004]). 
To defeat a summary judgment motion, the Objectant must come forward and lay bare his proof. It is the Court's responsibility to determine whether there are issues of fact to be determined, which can only be determined after a trial on the issues. In so doing, the Court must construe the facts in a light most favorable to the non-moving party so as not to deprive that person of his day in court (Russell v. A. Barton Hepburn Hospital, 154 AD2d 796 [3rd Dept. 1989]). Although summary judgment is somewhat unusual in a contested probate proceeding, it is appropriate where the proponent has made a prima facie case for probate and the objectant fails to raise a material triable issue of fact (Matter of Colverd, 52 AD3d 971 [3rd Dept 2008]).

DISCUSSION

The Court will first address Objectant's arguments alleging the affirmations of Petitioner and Todd Cafarelli, the attorney-draftsman and son-in-law of Decedent, should be disregarded under CPLR §4519, known as the dead man's statute. Despite Objectant's arguments, there is no factual or legal basis to conclude that Todd Cafarelli is an interested party as contemplated by said statute. More specifically, Todd Cafarelli is not a distributee of the Decedent nor is he a legatee under the will he drafted and whose execution he supervised. In fact, the Decedent's will disinherits Todd Cafarelli's wife, who would otherwise be entitled to a distributive share of the estate.[FN5]

Upon review of the record, the Court further finds that the majority of Bonita Stone's affirmation merely recites facts already sworn to under oath at the SCPA §1404 examination by the disinterested witnesses.[FN6]
The transcript of said examination is incorporated in, and attached to, Petitioner's affirmation and the court finds CPLR §4519 does not preclude the Court's consideration of those factual assertions already sworn to by disinterested nonparties. To the [*4]extent Petitioner's affirmation contains uncorroborated factual assertions, the Court has not considered the same in reaching its decision. 
Undue Influence
Regarding undue influence, "the existence of a family relationship does not, per se, create a presumption of undue influence; there must be evidence of other facts or circumstances showing inequality or controlling influence" (Matter of Ostrander, 237 AD3d 1444, 1447 [3d Dep't 2025]). Indeed, "mere speculation and conclusory allegations regarding undue influence . . . , without specificity as to precisely where and when the influence was actually exerted, fail[ ] to raise a question of fact" (Matter of Lowry, 225 AD3d 964, 966 [3d Dep't 2024]). 
In its April 15, 2025, this Court made specific findings regarding the execution of the Decedent's will in dismissing the due execution objection and the Court notes "the law of the case doctrine" in relying upon the same. The Petitioner has met her prima facie burden and her submissions "created a presumption of testamentary capacity and prima facie evidence of the facts attested to" (Matter of Walker, 80 AD3d 865, [3rd Dep't 2011] [internal citations omitted]). 
The burden of proof now shifts to Objectant to overcome the presumption of regularity and offer evidence of the alleged undue influence exerted upon the Decedent. Both Petitioner and Objectant agree that Decedent was diagnosed with and suffered from ALS during the relevant timeframe. It is this diagnosis that underpins the remaining Verified Objection, which according to Objectant's opposition papers, allowed Petitioner to exert undue influence over the Decedent due to the extent of his physical dependence upon Petitioner at the time the will was drafted and executed. 
In her opposition papers, Objectant bemoans the lack of discovery and primarily argues that (1) summary judgment is premature due to outstanding discovery issues, and (2) there are triable issues of material fact relating to undue influence standing on the current record. 
Issues of Fact/Outstanding Discovery
Taking these out of order, the Court agrees with most of Petitioner's submissions and the arguments raised during oral argument that Objectant has failed to offer even one scintilla of actual evidence to support her remaining claim of undue influence. Objectant's own affirmation concedes that the "creation of [the proffered will] was done entirely without my knowledge . . . " and she therefore lacks any first-hand knowledge of the creation of the will. Notwithstanding the foregoing, Objectant correctly points out that an objection based on undue influence may be established "by circumstantial evidence of motive, opportunity and the actual exercise of such influence" that subverted the testator's mind and will (Matter of Paigo, 53 AD3d 836, 839-40 [3d Dep't 2008]). 
In furtherance of this argument, the Objectant alleges that Petitioner had knowledge of, and was upset with Objectant, over the purported 2009 will of Decedent that left everything to Objectant to the exclusion of Petitioner or Objectant's siblings. While significant departures from a decedent's prior estate planning documents can be sufficient to defeat summary judgment (see, Matter of Elmore, 42 AD2d 240 [3d Dep't 1973]), the fact remains that Objectant has not petitioned this Court to probate Decedent's purported 2009 will, has not offered an original of said 2009 will for filing, nor does said will appear to have been supervised by an attorney.[FN7]
Put [*5]simply, this is not a document validly before the Court for consideration. To the extent the Court has considered decedent's purported 2009 will, the Court finds it lacks sufficient probative value to raise a triable issue of material fact, as it has not been subject to the requisite scrutiny of SCPA §1408.
The other allegations contained in Objectant's affirmation are likewise unavailing. Objectant states that "[Petitioner] chose instead to have Todd Cafarelli "prepare [the will]". Objectant already concedes she was not a part of any discussion between Todd Cafarelli and either Petitioner or Decedent to make such an allegation. The uncontroverted testimony from the attesting witnesses, along with the affirmation of Todd Cafarelli is that Decedent asked Todd Cafarelli to prepare the will and he did so pursuant to Decedent's request. Further, not utilizing the legal services of Objectant's company does not equate to "avoidance of independent counsel." 
The entirety of Objectant's affirmation can be described as speculative, self-serving, bald allegations and the Court finds it incredible and thus fails to raise any material factual dispute, as "[b]ald assertions, speculation, mere conclusions, expressions of hope or unsubstantiated allegations and assertions are simply insufficient to successfully oppose a motion for summary judgment" (Del Giacco v. Noteworthy Co., 175 AD2d 516 [3rd Dept 1991], citing Zuckerman v. City of New York, supra at 562). Therefore, the Court finds that the current record before it is entirely devoid of triable issues of fact.
Addressing the issue of discovery and Objectant's lack of evidence, her frustration is wholly misplaced. The Court first notes that Objectant has been represented by counsel throughout these proceedings. Petitioner also correctly points out Objectant's inexplicable refusal to comply with any of Petitioner's demands for discovery.[FN8]
Objectant failed to appear for her scheduled deposition in August 2025 and failed to coordinate an appropriate time to reschedule the same.[FN9]
Additionally, on December 12, 2024, a SCPA §1404 examination was held and Objectant examined the attesting witnesses to the purported will, Robert Cafarelli and Barbara Cafarelli.[FN10]
More than nine (9) months elapsed from the date of the initial §1404 examination before Objectant sought to seek further discovery and depositions, including the will draftsman, Todd Cafarelli, Esq.[FN11]
The Court finds no reasonable excuse for such delay and dilatory conduct. The Court finds no showing of good cause to further extend the already [*6]extended scheduling order. Lastly, as discussed infra, the Objectant has failed to show that the additional discovery might lead to relevant evidence or that the facts essential to oppose the instant motion are exclusively within the knowledge and control of the Petitioner. 
Stay of Discovery
Lastly, the Court addresses Objectant's assertion — first raised at oral argument — that Petitioner's filing of the instant motion on October 14, 2025 stayed discovery pending resolution of the motion; therefore, the motion is premature and should be denied.[FN12]
The Court notes with disapproval, counsel's failure to raise this issue in a timely manner, thereby depriving Petitioner of the opportunity to adequately respond and the Court of the benefit of having this issue fully briefed and argued. Nonetheless, the Court must consider CPLR §3214(b), which in relevant part provides, "[s]ervice of a motion under rule . . . 3212 . . . stays disclosure until determination of the motion unless the court orders otherwise" (CPLR §3214[b]). It is undisputed that the most recent scheduling order required all discovery to be complete by October 25, 2025, as such, discovery was still open at the time of the filing of Petitioner's motion. It is also undisputed that this Court did not specifically order relief from the automatic stay provision contained in CPLR §3214(b). 
Given the above, the Court is constrained to agree with Objectant's argument that Petitioner's filing of the instant motion stayed discovery on October 14, 2024 pursuant to CPLR §3214(b). (See Cantos v. Castle Abatement Corp., 251 AD2d 40 [App. Div. 1st Dept. 1998]["The order directing the parties to complete discovery by [the date] does not remove this matter from the operation of CPLR 3214[b]"). 
This does not; however, end the inquiry and the Court must address both traditional discovery and SCPA §1404 as it relates to the merits of the instant motion. 
A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant. The defendant's contention that the plaintiffs' motion was premature because the plaintiffs had not yet been deposed at the time the plaintiffs' motion was filed did not establish what information the defendant hoped to discover at the plaintiffs' depositions that would relieve him of liability in this case. The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Cajas-Romero v Ward, 106 AD3d 850 [2d Dept 2013] [internal citations omitted]). SCPA §1404 provides which witnesses may be examined. On December 12, 2024, an examination was held and Objectant examined the attesting witnesses to the purported will, Robert Cafarelli and Barbara Cafarelli.[FN13]
It is black letter law that "[n]o person who has been examined as a witness under this section shall be examined in the same proceeding under any [*7]other provision of law except by direction of the court." (CPLR §1404[4]). Objectant has not moved this Court for such relief, nor does the record support it. As such, Objectant's attempts to subpoena the attesting witnesses for further deposition are void as a matter of law. The Court also notes that Bonita Stone is not subject to examination pursuant to SCPA §1404, as there was no in terrorem clause. 
With regard to the examination of Todd Cafarelli, the Court has examined the record and despite Mr. Cafarelli's affirmation in support of the instant motion, finds that his examination is not precluded due to the language in §1404 which states that "[a]ny party to the proceeding, before or after filing objections to the probate of the will, may examine any or all of the attesting witnesses, the person who prepared the will . . . " (See SCPA §1404[4] emphasis added).
Although not likely given the other testimony in this matter, such examination could lead to relevant discovery in defense of this motion as he was the attorney draftsman of the will and the Objectant is entitled to the exam pursuant to the statute. Notwithstanding Objectant's regretful pattern of behavior in regards to discovery and prior counsel's failure to take his §1404 exam, the Court finds the appropriate remedy here to stay Petitioner's motion pending the §1404 examination of Todd Cafarelli, Esq. (See Cassevah v. Mack, 51 AD3d 1132 [3d Dep't. 2008] [finding that "it would have been more appropriate for the court to have stayed defendants' summary judgment motion pending those depositions"]; see also, Murray v. ANB Corp., 74 AD3d 1548 [3d Dep't. 2010] ["A court may hold a summary judgment motion in abeyance pending further discovery . . . ."]; cf. Matter of Fox, 11 Misc 3d 552 [Bronx Surr. Court 2006] [holding that an eight month delay in attempting to schedule SCPA §1404 hearing waived Objectant's right to the same.]). 
Further, the Court grants Petitioner's motion to dismiss the objections unless Objectant takes the necessary steps to secure the attendance of Todd Cafarelli at a SCPA §1404 examination in this Court on January 8, 2026 at 9:30a.m. (Will of Nigro, 2007 NYLJ 621 [Nassau Surr. Ct. 2007] [Mindful of objectant's dilatory conduct, court granted dismissal of objections unless examination completed on date specified by the court]). 
In light of the findings above, and that the motion is being held in abeyance, the Court also finds it appropriate to lift the automatic stay provision contained in CPLR §3214[b]. Based upon the most recent scheduling order and the date Petitioner's motion was filed, the Court finds that eleven (11) days remain to complete discovery. Objectant's counsel has stated in sum and substance at oral argument that there is very little discovery to accomplish and only a very short window of time is needed to do so. As the SCPA §1404 examination date is more than eleven (11) days from the date of this order, the Court finds no prejudice will result.[FN14]

After review of the motion papers and opposing papers, including a careful review of the Court's records, and after hearing oral argument in this matter, this Court finds that absent the completion of the §1404 examination ordered herein and any further argument based thereon Petitioner has met her prima facie entitlement to summary judgment and that Objectant has not set forth any issues of fact sufficient to require a trial. The Court further finds that, based upon the foregoing, the Petitioner's motion for summary judgment is held in abeyance as follows.
It is therefore,
ORDERED, ADJUDGED, AND DECREED that the remaining Verified Objection of Undue Influence is dismissed in its entirety unless Objectant takes the necessary steps to secure the attendance of Todd Cafarelli at a SCPA §1404 examination in this Court on January 8, 2026 at 9:30a.m.; and it is further
ORDERED, ADJUDGED, AND DECREED that should said examination occur, each party shall have the right, on or before January 20, 2026, to submit an additional brief addressing any newly learned information; and it is further
ORDERED, ADJUDGED, AND DECREED that the automatic stay of discovery contained in CPLR §3214(b) is hereby lifted and the parties have eleven (11) days from the date of this Order to complete discovery [FN15]
; and it is further
ORDERED, ADJUDGED, AND DECREED that Objectant's subpoenas directed to Robert Cafarelli and Barbara Cafarelli are void as a matter of law and are deemed quashed; and it is further
ORDERED, ADJUDGED, AND DECREED that any party herein shall be entitled to seek relief at the foot of this Decision & Order for specific performance and/or such additional remedies as may be available and/or necessary to enforce any provision of this Decision & Order.
DATED: December 19, 2025HON. JONATHAN G. SCHOPFSARATOGA COUNTY SURROGATEENTERED

Footnotes

Footnote 1:The supplemental citation was necessary based upon an affirmation of non-service outlining the difficulties in serving Tara L. Stone.

Footnote 2:Objectant was previously represented by Bartlett, Pontiff, Stewart & Rhodes, P.C.

Footnote 3:The Court assumes the parties' familiarity with its April 15, 2025 Decision and Order regarding the timeliness and sufficiency of Objectant's Verified Objections and need not recount those facts herein.

Footnote 4:As such, the Court need not, and does not, address any arguments relating to Decedent's capacity and accepts the statutory presumption of capacity based upon this Court's prior determination regarding due execution.

Footnote 5:None of the cases cited by Objectant are applicable in this situation and all are readily distinguishable.

Footnote 6:The Court previously found said testimony to be "credible and logical" in its April 15, 2025 Decision and Order.

Footnote 7:Notably, the purported 2009 will appears to be a 2005 Nolo form "Will for Adult With No Children)" rather than for a married adult with children, whose names and existence are also omitted from mention. 

Footnote 8:The Court also notes that Objectant made no motions to quash, limit, preclude or formally objected to any of Petitioner's discovery demands.

Footnote 9:The Court notes this occurred around the time of Objectant changing attorneys of record; however, Objectant's prior refusals to comply with discovery do not appear to have any such mitigating circumstances.

Footnote 10:Apparently Objectant did not cite Todd Cafarelli to be examined; however, despite his presence at the examination, he was not examined.

Footnote 11:Objectant was represented by prior counsel during almost the entirety of this time-period

Footnote 12:Objectant's brief only raised timeliness issues relating to discovery pursuant to CPLR §3212(f).

Footnote 13:Apparently Objectant did not serve Todd Cafarelli to be examined; however, despite his presence at the examination, he was not examined.

Footnote 14:At this juncture, the Court need not reach a determination regarding bad faith concerning any party's conduct, however, it has not gone unnoticed by the Court, and future actions and/or disputes will likewise be closely scrutinized by this Court.

Footnote 15:As noted above, outstanding discovery does not necessarily preclude consideration of the instant motion.